EDWIN W. MARSH & others *vs.* MARY H. FRENCH & others.

Norfolk.    March 23, 1893. — September 7, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Devise and Legacy — Condition — Partition — Description of Premises in Petition.*

A., who died seised of a parcel of land known as the homestead lot, left a will, which, after mentioning various legacies to certain persons, provided as follows : "I give, bequeath, and devise all the remainder of my estate, both real and personal, wherever or however the same may be situated, to my brother B. and to my son C., (upon the condition that they pay all my debts, and the aforenamed legacies as above required,) to have and to hold, to them, their heirs and assigns forever." B. and C. were named as executors of the will. B. declined to serve, and C. was appointed sole executor, and gave a bond and due notice of his appointment. Subsequently C. conveyed his interest in the homestead lot to B. Upon a petition for partition of all the real estate of B., deceased, the Probate Court ordered commissioners to sell all such real estate, consisting of several parcels. At the hearing before a single justice of this court, upon appeal, it was admitted that the legacies mentioned in the will of A. had been paid, but it was in dispute whether or not all the debts had been paid; and it also appeared that such debts, if not paid, were barred by the statute of limitations. The justice was of opinion that the questions arising under the devise and offer of proof so affected the title to the homestead lot that no partition or sale ought to be made of that lot until the title should be settled; and modified the decree of the Probate Court by excluding from its operation the homestead lot. *Held*, that the devisees under the will of A. took an estate in fee simple, charged with the payment of the debts of the testator;

and that the homestead lot was properly included by the Probate Court in the real estate of B.

A petition, under the Pub. Sts. c. 178, §§ 48 *& seq.*, for partition of all the real estate of a person whose estate is in course of settlement in the Probate Court, need not contain a description of the premises sought to be divided.

LATHROP, J. This is an appeal from a decree of the judge of the Probate Court, on a petition for partition, under the Pub. Sts. c. 178, §§ 48 *& seq.*, of the real estate of the late Charles French, deceased, ordering commissioners to make sale of all the said real estate, consisting of several parcels, except one specified parcel. This decree was modified by a single justice of this court by excluding from the operation thereof a parcel of land known as the homestead lot, situated on the corner of Plymouth Street and Franklin Street in Holbrook.

It appeared that this lot was formerly owned by one Zenas French, who died seised of the same on November 10, 1876, leaving a will, which, after mentioning various legacies to certain persons, proceeded as follows: " Third, I give, bequeath, and devise all the remainder of my estate, both real and personal, wherever or however the same may be situated, to my brother Charles French, and to my son Zenas Aaron French, (upon the condition that they pay all my debts and the above-named legacies as above required,) to have and to hold, to them, their heirs and assigns forever." The homestead lot passed under this clause of the will.

Charles French and Zenas Aaron French were nominated as executors of the will. Charles declined to serve, and Zenas Aaron was appointed sole executor on December 13, 1876, and gave a bond and due notice of his appointment. By deed dated October 27, 1877, Zenas Aaron conveyed his interest in the homestead lot to Charles French.

At the hearing before the single justice it was admitted that the legacies mentioned in the will of Zenas had been paid, but it was in dispute whether or not all the debts had been paid. It also appeared that such debts, if not paid, were barred by the statute of limitations. The respondents, as heirs of Zenas, contended that the devise was on condition, that the condition had not been complied with, and that they had a right to assert their title. The justice was of opinion that the questions arising

under the devise and offer of proof so affected the title to the real estate in controversy that no partition or sale ought to be made until the title should be settled.

The Pub. Sts. c. 178, § 59, provide that "no partition shall be made by the Probate Court when the shares or proportions of the respective parties are in dispute between them, or appear to the court to be uncertain by reason of depending upon the construction or effect of a devise or conveyance, or upon other questions that the court deems proper for the consideration of a court of common law and of a jury."

In *Dearborn* v. *Preston*, 7 Allen, 192, it was held, under the corresponding provision of the Gen. Sts. c. 136, § 60, " that, to deprive the Probate Court of its jurisdiction in a matter of this kind in any particular case, it must be made to appear that there is a real doubt and uncertainty in relation to the legal rights of the parties." And it was said: " The mere fact that they do not agree what those rights are, or that they are in controversy in respect to them with each other, is not of itself sufficient and conclusive. It must first be by some means affirmatively and satisfactorily shown that there is an actual dispute and uncertainty concerning their shares or proportions, which can be definitively determined only by submitting some controverted question of fact to a jury, or some doubtful and contested question of law to a legal tribunal competent to decide it. If the facts in reference to which the alleged dispute or uncertainty arises are all known to and expressly admitted by the parties, and the law applicable thereto is clearly settled and established, and if these show that the court has jurisdiction, it is the duty of the judge to proceed and cause the partition to be made, although one of the parties should insist that there is a dispute and controversy concerning their relative shares and proportions of the estate."

In the case at bar it is admitted that the legacies are paid, and we are only concerned with the debts. There can be no doubt that the devisees under the will of Zenas French took an estate in fee simple, charged with the payment of the debts of the testator. Although the charge was in the form of a condition, it was, as said by Chief Justice Shaw in *Goodrich* v. *Proctor*, 1 Gray, 567, 570, " in legal effect, rather a charge

than a technical condition." The same case also decides that, if a grantee sells land charged with the payment of debts, the purchaser is not bound to see to the application of the purchase money.

In *Andrews* v. *Sparhawk*, 13 Pick. 393, a testator devised his homestead, fish fence land, pasture land, and farm to his grandson in fee, " the said homestead lands and farm to be subject and liable as follows, that is to say, to the payment of all my debts, funeral expenses, and all other charges and expenses which shall arise in the settlement of my estate and affairs; also to the annuities and legacies hereinafter bequeathed to my other grandchildren." Legacies were then given to the other grandchildren, and the devisee of the homestead was appointed executor. On a bill in equity brought by a legatee against a purchaser of the land to enforce a trust for the legacy, it was held that the purchaser was not bound to see to the application of the purchase money. The distinction was made between a trust created for specific or scheduled debts and for debts generally; and it was held that in case of a trust for debts generally and legacies, as the legacies could not be paid until the debts were paid, they stood on no better footing than debts not scheduled. The cases of *Thayer* v. *Finnegan*, 134 Mass. 62, and *Amherst College* v. *Smith*, 134 Mass. 543, need not be considered, as they relate to specific legacies, and in this case no question is before us as to legacies, but only as to debts. And it seems to us clear that the rule which was applied in *Goodrich* v. *Proctor*, as to a conveyance on condition of paying debts, applies to a devise on the same condition.

The contention of the respondents was not that the debts were not barred by the statute of limitations, but merely that the devise was on a condition, which condition had not been fulfilled, and therefore that they, as heirs at law of Zenas French, had a right to assert their title. We are of opinion that there is no " real doubt and uncertainty in relation to the legal rights of the parties," and that the homestead lot was properly included by the Probate Court in the real estate of Charles French.

It is further contended that the petition for partition was insufficient, because it contained no description of the premises to be divided.. The petition in this case is under the Pub. Sts.

c. 178, §§ 48 & seq.   It is a petition for partition of the estate of a deceased person in course of settlement in the Probate Court.   The authority of that court in such a case is merely incidental to its general probate jurisdiction over estates.   *Sigourney* v. *Sibley*, 21 Pick. 101.   Every executor, unless he is a residuary legatee, and every administrator, is required within three months after his appointment to make, under oath, and to return to the Probate Court, a true inventory of the real and personal estate of the deceased.   Pub. Sts. c. 132, § 5.   When, therefore, a petition is filed for partition of all the real estate of the deceased, what the estate is is ascertainable from the inventory.   The practice in such a case is not to describe the lands specifically, except in the case where a part of the real estate lies in common and undivided with that of another person, when such description is required by statute.   Pub. Sts. c. 178, §§ 60, 61.   The form adopted for a petition for partition in 1862, under the provisions of the Gen. Sts. c. 117, § 19, (Pub. Sts. c. 156, § 22,) and now in use, is not adapted to a description of the various parcels of real estate belonging to the estate of a deceased person, under the Pub. Sts. c. 178, §§ 48 & seq., and does not contemplate such a description, whereas the form for proceedings under §§ 45–47 does contemplate a description of lands sought to be divided under those sections.   These forms are standard forms, and are binding by rule of this court.   See *Baker* v. *Blood*, 128 Mass. 543, 544.   We are of opinion, therefore, that the petition was sufficient in form.

*Decree of Probate Court affirmed.*

*J. V. Beal*, for the petitioners.

*A. E. Avery*, for Elizabeth Gardner, one of the heirs at law of Charles French.

*G. L. Wentworth*, for the respondents.