## MARY O. RUGGLES *vs.* EMMA O. JEWETT.

Worcester.   October 14, 1912. — November 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Partition.   Probate Court.   Devise and Legacy.*

R. L. c. 184, § 31, provides that "Probate courts shall have concurrent jurisdiction with the Superior Court of petitions for partition of land held by joint tenants or tenants in common if the shares do not appear to be in dispute or uncertain," and § 32 provides that, "If it is found by the Probate Court in which such petition is filed that the shares are in dispute or uncertain, the court may, or, at the request of any party in interest, shall, order the case to be removed to the Superior Court." *Held,* that, even where the shares may be found to be in dispute or uncertain, if all the parties request a determination of the questions at issue by the Probate Court, that court may exercise jurisdiction.

The first clause of the will of a testatrix was as follows: "I give and bequeath to my daughters E and M the home place which was deeded to me by my husband . . . , as long as they remain single. The one marrying first, then giving up all her right and title in the place to the unmarried sister." The residuary clause of the will divided equally between the same two daughters the residue of the estate of the testatrix, specifically including her share in the estate of her deceased husband. Both the daughters married. The one who married later claimed the whole of "the home place" as having passed to her upon the earlier marriage of her sister. *Held,* that the words in the first clause, "as long as they remain single," were words of limitation and created life estates determinable on the marriage of each of the daughters, and that, on the termination of the life estates by the marriage of both daughters, the daughters held the property in equal shares under the residuary clause.

A provision in the will of a testatrix giving to two daughters named life estates in "the home place . . . , as long as they remain single," with a provision that on the marriage of either of them her life estate shall pass to her sister, followed by a clause making the same two daughters residuary devisees to whom "the home place" is devised subject to the life estates, is not against public policy as being in restraint of marriage.

APPEAL from a decree of the Probate Court for the county of Worcester granting a petition for the partition of certain real estate in the town of Hardwick which was filed on September 7, 1911.

The appeal was heard by *Rugg,* C. J., upon an agreed statement of facts, by which the following facts appeared:

Mary Ann Orcutt, who was the mother of the petitioner and the respondent, died on February 24, 1893. She left a will containing the following provisions:

"First. I give and bequeath to my daughters Emma B. and May M. Orcutt the home place which was deeded to me by my husband Almon M. Orcutt, M.D., as long as they remain single. The one marrying first, then giving up all her right and title in the place to the unmarried sister;

"Second. All things contained in the house to be divided equally between Emma B. and May M. Orcutt, with the exception of last silver spoon bought of William Bodwin, Cameo pin, and black silk dress which I give to May M. Orcutt.

"Third. I give and bequeath all other property which I hold in my name in whatever form or shape it may appear either real or personal and my share in my deceased husband Almon M. Orcutt, M.D., estate to my daughters Emma B. and May M. Orcutt to be equally divided between them."

The fourth, fifth, sixth and seventh clauses of the will con-

tained small pecuniary bequests which are not material. The eighth clause, which was the last before the attesting clause, was as follows:

"Eighth. I hereby nominate and appoint Emma B. and Mary M. Orcutt, executrixes and residuary legatees of this will, and that they shall not be required to give bonds under this will."

The property of which partition was sought was "the home place" described in the first clause of the will of Mary Ann Orcutt. Her daughter Mary M. Orcutt, mentioned in that clause as May M. Orcutt, married on January 31, 1894, and became Mary O. Ruggles. The daughter Emma B. Orcutt, mentioned in that clause, married on November 20, 1895, and became Emma O. Jewett. The petition for partition was brought by Mary O. Ruggles. The respondent, Emma O. Jewett, claimed the entire title to the property in question. In the Probate Court *Chamberlin, J.,* made a decree, which, after reciting that the respective shares or proportions of the persons interested were not in dispute and uncertain but that all parties requested that the case should not be removed to the Superior Court and that the Probate Court should proceed to a decree upon the partition, and after reciting further that the real estate could not be divided advantageously, ordered that partition should be made and appointed a commissioner to sell the property. The respondent appealed. At the request of the parties the Chief Justice reserved the appeal for determination by the full court.

The case was submitted on briefs.

*F. C. Smith, Jr., G. A. Gaskill & E. A. Brodeur,* for the respondent.

*E. B. Johnson,* for the petitioner.

RUGG, C. J. This is a petition for partition of real estate alleged to be held by the petitioner and the respondent in moieties as tenants in common. It is brought under R. L. c. 184, §§ 31, 32. Section 31 gives jurisdiction to the Probate Court "if the shares do not appear to be in dispute or uncertain." Section 32 provides, however, that "If it is found by the Probate Court in which such petition is filed that the shares are in dispute or uncertain, the court may, or, at the request of any party in interest, shall, order the case to be removed to the Superior Court." These two sections should be construed together. The jurisdiction of

the Probate Court to dispose finally of the matter according to § 31 is dependent upon absence of dispute or uncertainty as to the shares. But the kind and extent of that dispute or uncertainty and its ultimate jurisdictional effect are defined in § 32. The history of the statute shows the importance of this section. By St. 1869, c. 121, § 1, concurrent jurisdiction of petitions for partition was conferred upon the Probate Court if the shares were not in dispute or uncertain. It went no further. But by St. 1874, c. 266, § 1, the provisions now found in § 32 were added. Section 32, construed in connection with § 31, means that even though the shares may be found to be in dispute or uncertain, if both parties request a determination of the questions at issue by the Probate Court, jurisdiction may be exercised, unless that court, notwithstanding the request of parties, orders the case removed to the Superior Court. The case must be transferred to the Superior Court only when the Probate Court has decided that the shares are in dispute or uncertain as defined in *Dearborn* v. *Preston,* 7 Allen, 192, *Marsh* v. *French,* 159 Mass. 469, and when in addition to such decision some party in interest requests or the Probate Court of its own motion orders such removal. The record in the present instance shows a preliminary determination by the Probate Court that the shares are not in dispute or uncertain, and a request by ,all parties that the case be not removed to the Superior Court, but be determined by the Probate Court. Under these circumstances, jurisdiction remained in the Probate Court, although there may be a subsequent determination that the shares are uncertain, or a real doubt about them apparent on the face of the papers. Sections 31 and 32 are different both in substance and historically from § 43 of the same chapter, which defines the more ancient jurisdiction of the Probate Court to make partition of all the land within the Commonwealth of a deceased person, whose estate is in process of settlement or has been settled in the Probate Court in which the petition is brought.

The title to the land described in this petition depends upon the construction to be given to the will of Mary Ann Orcutt, the mother of both the petitioner and the respondent. Its first clause is: "I give and bequeath to my daughters Emma B. and May M. Orcutt the home place which was deeded to me by my

husband Almon M. Orcutt, M.D., as long as they remain single. The one marrying first, then giving up all her right and title in the place to the unmarried sister." The words, "as long as they remain single," are words of limitation and create a life interest determinable on the marriage of each. *Dole* v. *Johnson,* 3 Allen, 364. *Knight* v. *Mahoney,* 152 Mass. 523. *Fuller* v. *Wilbur,* 170 Mass. 506. *Giles* v. *Little,* 104 U. S. 291. The object of the clause is to provide for the beneficiaries while they remain single. The main purpose is not to promote celibacy, and therefore it is not against public policy as being in violation of the rule against restraint of marriage. *Harlow* v. *Bailey,* 189 Mass. 208, 212. The clause relates to a home which would naturally be given up for another by the one marrying first. The will as a whole manifests a testamentary design to treat the two daughters equally. The second clause disposes of the household effects, while the third, although a true residuary clause, specifically mentions the share of the testatrix in her deceased husband's estate, and both clauses direct an equal division between the two daughters. The eighth clause nominates them executrices, and repeats expressly that they shall share equally as residuary legatees. Treating the will as a unit, the intent of the testatrix appears to be effectuated by construing the first clause as creating life estates in the daughters terminable upon marriage. The last sentence of this clause should be construed as desiring through excess of caution to put in precise words the legal effect of the preceding sentence, that the one marrying first surrenders to the other remaining single the right and title conferred upon her. But the surrender should be confined to that clause, and not extended to other parts of the will. The language should not be given a technical construction, possible perhaps in other connections, but which in this instance would work a result utterly out of harmony with the general purpose of the testatrix, plainly manifest by the instrument as a whole. *Little* v. *Silveira,* 204 Mass. 114.

The fee of the home place passed to both the daughters under the residuary clause. Hence both having married, the life estates created by the first clause of the will have come to an end, and the residuary clause alone governs the present rights of the parties.

*Decree affirmed.*