EDWARD J. COUGHLIN *vs.* ROYAL INDEMNITY COMPANY.

Suffolk.    January 12, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Validity. *Workmen's Compensation Act. Pleading, Civil,* Answer.

An oral agreement between an employee and an insurance company which was the insurer of his employer against liability under the workmen's compensation act, that, if the employee, instead of filing a claim under the workmen's compensation act for compensation for injuries which, while received by him in the course of and arising out of his employment, were caused by acts of a third person, would prosecute an action at law against the third person, the insured "would reserve" the employee's rights against it under the workmen's compensation act, and, if he failed to recover in the action against the third party, the insurer would pay the full compensation to which he would be entitled under the act, is an attempt to accomplish indirectly what is expressly prohibited by G. L. c. 152, § 15, and is illegal and unenforceable.

In an action for the enforcement of the agreement above described, the defence of its illegality is open although it is not set up in the answer.

CONTRACT, against the insurer of the plaintiff's employer against liability under the workmen's compensation act, upon the agreement described in the opinion. Writ dated December 5, 1918.

In the Superior Court, the action was tried before *Aiken,* C.J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $1,800; and the defendant alleged exceptions, which, after the resignation of *Aiken,* C.J., were allowed by *Wait,* J.

*E. J. Sullivan*, for the defendant.

*A. H. Coughlin*, for the plaintiff.

CARROLL, J. The plaintiff, an employee of the Boston Woven Hose and Rubber Company, was injured in the course of his employment, by the negligence of the Aberthaw Construction Company, while it was performing work on the premises of the plaintiff's employer, who was insured under the workmen's compensation act by the defendant. The plaintiff's attorney interviewed the agent of the defendant in charge of its Boston office. There was evidence that it was agreed orally that if the plaintiff would not file a claim for compensation against the defendant under the workmen's compensation act, but would bring an action against the Aberthaw Construction Company, "in the event that the plaintiff lost, the defendant would then pay the plaintiff the full compensation he would be entitled to according to the extent of his injury under the compensation act." The plaintiff brought an action against the Aberthaw Construction Company and the jury returned a verdict for the defendant. Thereafter he filed a claim for compensation under the act, and the Industrial Accident Board found that the plaintiff was not entitled to compensation because no claim for compensation was filed within six months after the injury, "nor was there any mistake or other reasonable ground for failure to file the claim."

The declaration alleges that the defendant agreed with the plaintiff if he "would bring suit against the said Aberthaw Construction Company and try the question before the proper court, the said defendant would reserve the plaintiff's rights against it, under the workmen's compensation act," and if he failed to recover against the construction company, the defendant would pay the full compensation to which he would be entitled under the act. In the Superior Court the defendant moved for a directed verdict. The motion was denied, to which denial the defendant excepted. The jury found for the plaintiff.

Under St. 1911, c. 751, Part III, § 15 (see now G. L. c. 152, § 15), when the injury, for which compensation is payable under the act, is received under circumstances creating a legal liability in some person other than the subscriber to pay damages, the employee has the option to proceed at law against that person to recover damages, or against the insurer for compensation under

the act, "but not against both." The employee could not, under the statute, proceed against the wrongdoer and at the same time reserve his rights under the act. He was required to elect which course he would pursue, and by proceeding against the Aberthaw Construction Company, the plaintiff lost his rights under the act against the insurer. *Cripps's Case*, 216 Mass. 586. *Barry* v. *Bay State Street Railway*, 222 Mass. 366. *Labuff* v. *Worcester Consolidated Street Railway*, 231 Mass. 170. See *Hall* v. *Henry Thayer & Co.* 225 Mass. 151.

The agreement between the plaintiff and the defendant was in violation of law. It was an attempt to accomplish indirectly what the statute expressly prohibits. It cannot be enforced. Such an agreement as the one relied on by the plaintiff would be contrary to the meaning and purpose of the statute. It would give the plaintiff a right to proceed against a wrongdoer and at the same time reserve his rights against the insurer. The plain language of the statute prohibits such a contract. It is illegal and unenforceable.

The illegality of the contract is not alleged in the defendant's answer, but the defence is open. The contract upon which the plaintiff relies is shown by its own terms to be in violation of law, and the court will not lend its aid in its enforcement. *O'Brien* v. *Shea*, 208 Mass. 528, 535. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 22.

As the plaintiff cannot prevail for the reasons stated it is unnecessary to consider the other defences relied on.

*Exceptions sustained.*
*Judgment for the defendant.*