TYYNE KARJAVAINEAN vs. MACFADDEN PUBLICATIONS, INC.

Suffolk.   April 3, 1940. — April 5, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Libel and Slander.*

In an action by a woman against a publisher for libel in publishing a
story of an indiscreet love affair between her and a man, truth as a
defence to the action was not established if it appeared that a rep-
resentation by the defendant in the article that the plaintiff wrote the
story for publication was false, irrespective of whether or not the
defendant proved that the affair took place as indicated in the story.

TORT.   Writ in the Superior Court dated February 15,
1936.

The declaration was in three counts.   The first count
was waived.   The second count was for damages resulting
from unauthorized publication of the article described in
the opinion.   Upon this count the jury before *Donahue*, J.,
found for the plaintiff in the sum of $3,000.

In the third count the plaintiff in substance alleged "that
the publication of the aforesaid picture of the plaintiff by
the defendant and the article or story published and printed
by the defendant were all done falsely and maliciously and
without any legal right whatsoever, and with the intent
and purpose to indicate by said story, and the same did
indicate some wrongful, criminal, improper and immoral
relation between herself and Charles Naegele, whose pic-
ture is shown in said article hereto annexed, and who is
referred to therein, and that the said picture with the
aforesaid story tended to hold out and expose, and did
hold out and expose, the plaintiff to ridicule and contempt
in the eyes and opinion of a great number of the then sub-
scribers to said magazine and to other persons and the
public in general who might see said picture and story or
article, and was a libel upon the plaintiff."

A motion by the defendant that a verdict be ordered

for it on the third count was denied; there was a verdict for the plaintiff thereon in the sum of $2,000; and the defendant alleged an exception.

*E. Burke,* for the defendant.

*J. M. Graham,* for the plaintiff.

LUMMUS, J.   The only question relates to a count for libel upon which the plaintiff obtained a verdict for $2,000. The defendant published in its magazine a sensational story of an alleged love affair between the plaintiff and a man. So far as the story contained any truth, apparently it bore some resemblance to the testimony of the plaintiff in *Karjavainen* v. *Buswell,* 289 Mass. 419.   The defendant in its publication represented that the story was written by the plaintiff herself.   It does not now deny that that representation was false.   The story indicated an indiscreet but not necessarily illicit intimacy between the plaintiff and the man.   The defendant introduced a part of the testimony given by the plaintiff in the case cited, in which, the defendant contended, the plaintiff admitted an intimacy as great and as injurious to her reputation as that indicated in the story.   The defendant excepted to the refusal of the judge to direct a verdict for the defendant and argues that the evidence just mentioned proved the truth of the charge as matter of law.

We pass without much discussion the fact that the evidence relied on was at most an admission of improper conduct, denied by the plaintiff in her testimony at the trial of the present case.   The jury could accept that testimony and reject the admission.   *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 2.   *R. J. Reynolds Tobacco Co.* v. *Boston & Maine Railroad,* 298 Mass. 152, 154.   *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163.   *O'Brien* v. *Freeman,* 299 Mass. 20, 21.

Another point is conclusive.   Apart from any suggestion of undue intimacy, the story could be found libellous as imputing to the plaintiff a willingness to publish to the world a sensational story of her love affair.   *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268.   *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258.   *Ingalls* v. *Hast-*

*ings & Sons Publishing Co.* 304 Mass. 31, 34. Truth, to constitute a defence, must extend to all aspects of the libel. *Lynch* v. *Lyons,* 303 Mass. 116, 121. There was not even evidence that the plaintiff wrote the story or consented to the publication of it. Therefore it could not be ruled that the truth of the charge had been established.

*Exceptions overruled.*