JAMES J. SULLIVAN, INC. *vs.* CANN'S CABINS, INC.

Middlesex.   April 9, 1941. — September 8, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Contract,* Validity. *Intoxicating Liquor,* Extension of credit between wholesaler and licensee. *Pleading, Civil,* Answer. *Words,* "Credit."

A contract, whereby an applicant for a license to sell alcoholic beverages at a restaurant, in consideration of the withdrawal by a wholesaler of such beverages of a protest previously made before the alcoholic beverages control commission against the approval of the license, promised to pay to the wholesaler the amount of a debt of a third person to the wholesaler in instalments extending over a period of more than ninety days, was in violation of § 25 of G. L. c. 138, as appearing in St. 1933, c. 376, § 2, and was illegal.

Failure of a defendant to plead illegality in his answer did not preclude him from contending in the trial court and this court that a contract upon which the action was founded was shown by undisputed facts to be in violation of § 25 of G. L. c. 138, as appearing in St. 1933, c. 376, § 2, and to be illegal.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated July 31, 1940.

Upon removal to the Superior Court, there was a finding for the plaintiff in the sum of $811.65 by *Broadhurst,* J. The defendant alleged exceptions and also appealed.

*E. V. Maloney,* for the defendant.

*A. L. McCarthy,* (*V. H. Tanner* with her,) for the plaintiff.

QUA, J. Section 25 of G. L. (Ter. Ed.) c. 138, as inserted by St. 1933, c. 376, § 2, contains this provision, "It shall be unlawful for any licensee under section twelve or fifteen to lend or borrow money or receive credit, directly or indi-

rectly, to or from any manufacturer, wholesaler or importer of alcoholic beverages, and for any such manufacturer, wholesaler or importer to lend money or otherwise extend credit except in the usual course of business and for a period not exceeding ninety days, directly or indirectly, to any such licensee, or to acquire, retain or own, directly or indirectly, any interest in the business of any such licensee."

In January, 1940, the plaintiff was a wholesaler of alcoholic beverages, and Robert C. Cann conducted a restaurant in Revere with a bar for the sale of alcoholic beverages. The defendant was incorporated for the purpose of acquiring and continuing Cann's business. Cann was indebted to the plaintiff for liquors purchased by him of the plaintiff. The local licensing authority granted the defendant's application for a license to sell alcoholic beverages similar to that held by Cann, but the plaintiff filed with the alcoholic beverages control commission a protest against any approval of the defendant's license by the commission. See G. L. (Ter. Ed.) c. 138, § 12, as inserted by St. 1933, c. 376, § 2, and as amended. On January 31, the defendant executed and delivered to the plaintiff an agreement reciting that in consideration of the withdrawal of the plaintiff's protest against the "transfer" of the license the defendant agreed to pay to the plaintiff, beginning two days after the approval of the "transfer" and continuing over a period of eight months, specified instalments of money, the total of which aggregated the total sum then owed by Cann as an individual to the plaintiff. It does not appear that before making this agreement the defendant owed the plaintiff anything. This action is brought to recover unpaid instalments alleged to be due under the agreement. The trial judge found as facts that the consideration for the defendant's agreement of January 31 was the plaintiff's withdrawal on the same day of its protest to the alcoholic beverages control commission against the "granting" of a license to the defendant, and that on the same day the commission approved the license, and on the same day the defendant began to do business under it.

The statute rendered the agreement illegal. The agree-

ment purported for a present consideration to create an obligation on the part of the defendant, a "licensee," to pay money in the future to the plaintiff, a "wholesaler." This was an extension and receipt of "credit." It was not in the usual course of business. And it was for a period exceeding ninety days. An agreement for delayed payment, whether such payment is in return for goods sold or for something else, is an extension of "credit" within the meaning of the statute. See *Barnes* v. *Treat*, 7 Mass. 271, 274; *Wilde* v. *Mahaney*, 183 Mass. 455, 459, 460. The prohibition of the statute is not limited by the nature of the thing for which payment is to be made. It is not limited to credit for liquors sold. Its purpose appears to have been to avoid the evils believed to result from the control of retail liquor dealers by manufacturers, wholesalers, or importers through the power of credit. Those evils do not as a rule depend upon the nature of the consideration out of which the credit arose. They depend upon the power of creditor over debtor.

The plaintiff contends that the agreement was not illegal because the defendant had not actually become a "licensee" when the agreement was delivered. One obvious answer to this contention is that by the terms of the agreement itself the defendant's obligation to pay would arise only after the approval by the commission of the "transfer," and then the defendant would be a "licensee." In other words, the purpose of the agreement was to bring about the relation of creditor and debtor between a "wholesaler" and a "licensee" — the very thing the statute was designed to prevent.

The judge rightly ruled that the defendant's failure to plead illegality in its answer did not preclude him from considering that question, especially in a case like this where the pertinent facts are undisputed, if indeed they do not appear from the plaintiff's declaration alone. *Cardoze* v. *Swift*, 113 Mass. 250. *O'Brien* v. *Shea*, 208 Mass. 528, 535. *Morello* v. *Levakis*, 293 Mass. 450, 451, 452. And in any event, in such a case, the defence is open here. *Claflin* v. *United States Credit System Co.* 165 Mass. 501, 503. *Coughlin* v. *Royal Indemnity Co.* 244 Mass. 317, 319. *Reuter* v.

*Ballard,* 267 Mass. 557, 563. *Baskin* v. *Pass,* 302 Mass. 338, 342.

A so called "appeal" printed with the record does not come within the provisions of G. L. (Ter. Ed.) c. 231, § 96, and must be dismissed. See *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 310.

> *Appeal dismissed.*
> *Exceptions sustained.*
> *Judgment for the defendant.*