JONES, P.J. (Sullivan, Pettingell, JJ.)
This is an action of contract to recover an account annexed in the sum of $68.10 with interest thereon.
Plaintiff is a corporation, duly licensed in 1935, to sell at wholesale, wines, beers, liquors, and other beverages sold by *16 plaintiff to defendant on credit February 26, 1935, March 1, 1935 and March 12, 1935.
After these three sales plaintiff continued to sell the de' fendant on credit from time to time during the remainder of the years 1935, 1936, and sometime in 1937. During this period, 1935 to 1937 the bills for liquors sold on February 26, 1935, March 1, 1935 and March 12, 1935, remained unpaid.
No evidence was introduced as to any agreement between the parties that credit should be extended for any definite period. So we have here, on the evidence, three sales on credit, but for no certain period of time. Plaintiff could have pressed his claim for payment for these sales at any time after the respective sales, but neglected to do this. Defendant also had an equal right to pay for these goods at any time after each sale. Also there was no agreement made about these sales, excepting they were on credit. It was simply a sale that was not for cash. . Either party was at liberty at any time to cease the relationship of debtor and creditor. There was no extension of credit that could be claimed by the defendant. The trial judge specifically found all of the facts'above recited.
The defence is that these sales, by reason of the credit that was allowed, constituted a violation of G. L. (Ter. Ed.) c. 138, sec. 25, which provides in effect that it is unlawful for a whole' saler of alcoholic beverages to extend credit to a licensee under the Act, except in the usual course of business, and also that it shall be unlawful for such a wholesaler to extend credit directly or indirectly to a licensee under the Act for a period exceeding 90 days. It does not appear in this case that the credit was extended for any particular time. Can it be that the legislature intended that there should be a violation of this law, if a sale of this kind should be made without any agreement for credit for a certain length of time being stipulated? The price could have been demanded the day after each sale. We do not see how, in the abzense of any agreement, it can be said that this constituted a sale upon 90 days or more credit and within the time prohibited by statute. The only prohibition of the statute is against,a sale for more than 90 days credit. This was only a credit sale, upon no particular time.
No stipulation of time for payment was made, it was only a sale on credit; payment could have been demanded and enforced the day after each sale or the defendant could have paid for the goods sold at any time after the sale, whether one minute, one day, or ninety days, or even more. The statute seems to forbid the extension of credit beyond 90 days. It forbids the extension of credit beyond a certain period, but how can there be such extension except by agreement. It cannot be as argued by the defendant that there was an extension of credit for any certain period. The statute is to be construed strictly and we cannot read into it such a construction as is contended here by the defendant. The statute must be construed as stated in *17 Commonwealth v. Kresge, 267 Mass. 146, at page 148,—“ac-cording to the common and approved usages of the language . . . without enlargement or restrictions and without regard to its (the court’s) own conceptions of expediency.’’
We have no analogous case reported in this Commonwealth either cited by defendant or coming to our knowledge.
The defendant’s requests were all directed to having the sale of these liquors in question illegal under G. L. (Ter. Ed.) c. 138, sec. 25, and were refused.
Finding no prejudicial error the report is dismissed.