GERTRUDE MARY GLEASON *vs.* THOMAS SIDNEY MANN.

Worcester.　September 21, 1942. — November 30, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Contract*, Validity, Restraint of marriage, Implied. *Pleading, Civil*, Answer. *Practice, Civil*, Exceptions: what questions open. *Evidence*, Presumptions and burden of proof.

Failure of a defendant to plead illegality of a contract relied on by the plaintiff did not preclude him from contending in the trial court and in this court that one aspect of the plaintiff's evidence disclosed that such contract was illegal as imposing a general restraint upon marriage of the plaintiff.

Testimony by a plaintiff disclosing that the terms of an oral contract material to his case were such as to make it illegal was not binding on him where other evidence, including testimony by the defendant, disclosed that the terms were such that it would not be illegal.

A contract for the rendering of services by an unmarried woman to an unmarried man whom she was not engaged to marry would not be against public policy nor illegal because it included a promise by her not to marry anyone but him if such promise was merely a reasonable incident of the performance of the services and was limited to the period thereof; but if the promise meant that she was never to marry unless she married him it would impose a general restraint upon marriage and the contract would be illegal.

If an express contract for the rendering of services by a woman to a man was against public policy and illegal because it included a general restraint upon her marriage, she would be precluded from recovering from him for such services upon quantum meruit.

CONTRACT OR TORT. Writ in the Superior Court dated May 16, 1939. The action was tried before *Leary*, J.

*C. Fairhurst,* for the defendant.

*F. P. Ryan, (B. C. Tashjian* with him,) for the plaintiff.

RONAN, J.    The plaintiff in this action of contract, to recover for work and labor performed by her for the defendant, has recovered a general verdict upon a declaration containing a count in quantum meruit and a count upon an account annexed.    The defendant excepted to the denial of a motion for a directed verdict and to the refusal of his fourth request which called for an instruction that "If express agreement is void as against public policy, there cannot be any recovery on the quantum meruit or other common counts."

There was evidence that the plaintiff, soon after she became acquainted with the defendant and his mother in May, 1929, began to keep company with the defendant who, at Christmas time in 1929, gave her a watch as an engagement present and, in April, 1930, proposed marriage to her, but that she asked him to wait a few weeks in order to permit her to get clothes and other articles; that her home was damaged by fire in April, 1930, and she accepted the invitation of the defendant's mother and went to live at his mother's home, where she continued to live until the death of the mother in 1932 and thereafter until July, 1937, when she was assaulted by the defendant and compelled to leave his home.    The plaintiff testified that the defendant told her in May, 1930, that he had changed his mind and that he did not intend to get married; that he would not marry anyone until his health had improved; that he told her that if she would stay with him and take care of him he would provide for her for the rest of her life; and that she accepted his offer.    On cross-examination she testified that she agreed that she would not leave his home and go to work for anyone else; that she would not get married to anyone else; and that her agreement to the effect that she would never get married to anyone else was an important part of the bargain.    The defendant denied that he ever had any talk of marriage with the plaintiff. The evidence was sufficient to warrant a jury in finding that the plaintiff performed whatever services were re-

quired by such an agreement as they could find upon the evidence the parties had made, until it was breached by the defendant in July, 1937.

The principal contention of the defendant is that the contract upon which the plaintiff relies is contrary to public policy in that it imposes upon her a general restraint upon marriage and that it is therefore unenforceable.

The defence of illegality has not been pleaded. Where a contract is not of an inherently wrongful nature, a defendant who has not set up illegality in his answer cannot of right insist that such an affirmative defence be treated as if it had been put in issue by the pleadings, and the judge is not required to permit the issue to be raised by allowing an amendment to the answer, or to interfere of his own motion to sustain such a defence, *O'Brien* v. *Shea*, 208 Mass. 528; *Silver* v. *Graves*, 210 Mass. 26; *Raymond* v. *Phipps*, 215 Mass. 559; *Morello* v. *Levakis*, 293 Mass. 450; *Smith* v. *Miles*, 296 Mass. 126; *Barsky* v. *Hansen*, 311 Mass. 14, and the court will not generally so interfere unless the plaintiff's declaration shows that he relies upon an illegal contract or upon a violation of law, or unless the evidence upon which he must rely shows a contract which is inherently wrongful or which is violative of some fundamental principle of public policy. *Claflin* v. *United States Credit System Co.* 165 Mass. 501. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5. *Coughlin* v. *Royal Indemnity Co.* 244 Mass. 317. *Keown & McEvoy, Inc.* v. *Verlin*, 253 Mass. 374. *Reuter* v. *Ballard*, 267 Mass. 557. *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304. *Baskin* v. *Pass*, 302 Mass. 338. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.* 309 Mass. 519. A contract, which by the undisputed facts has been shown to be subversive of public policy, will not be enforced in this court, although that issue was not raised by the pleadings or noticed by the trial judge. The issue, in such a case, is open here. *Reuter* v. *Ballard*, 267 Mass. 557, 563. *Sanderson* v. *Sanderson*, 271 Mass. 386, 389, 390. *Baskin* v. *Pass*, 302 Mass. 338, 342. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.* 309 Mass. 519, 521. *Barsky* v. *Hansen*, 311 Mass. 14, 17.

The existence and terms of any agreement between the parties rested entirely upon oral evidence and it was for the jury to determine whether there was an agreement and, if so, then what were its provisions. *Dixon* v. *Lamson*, 242 Mass. 129. *Rizzo* v. *Cunningham*, 303 Mass. 16. They were not required to believe all or any of the plaintiff's testimony but were required to believe only such portions of it as they considered reliable and worthy of credence. They might have accepted the defendant's testimony that marriage was never mentioned between the plaintiff and himself, and have adopted the plaintiff's version of the agreement as given in her direct examination, and declined to believe that portion of her testimony in cross-examination in which she referred to refraining from marriage as a part of the agreement. *Hill* v. *West End Street Railway*, 158 Mass. 458, 460. *Altman* v. *Goodman*, 255 Mass. 41. *Humes* v. *Barron*, 263 Mass. 583. *Reuter* v. *Ballard*, 267 Mass. 557. The plaintiff was not bound by her testimony that she agreed to refrain from marrying anyone other than the defendant, and she could rely upon the defendant's evidence that this subject was never discussed between them. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. *O'Brien* v. *Freeman*, 299 Mass. 20. *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76. *Karjavainean* v. *Macfadden Publications, Inc.* 305 Mass. 573.

The jury, however, could find upon all the evidence that she agreed to live at the defendant's home during her term of service, that she would not work for anyone else, and that she would not get married to anyone else. Her promise that she would not marry anyone other than the defendant might be found to extend only for the period during which she was actually employed by him. A contract by which a single woman agrees to live at a man's home, perform the various household duties and care for him until his death, and in the meanwhile refrain from marriage, is not an invalid contract where the provision in reference to marriage was inserted in order to secure the performance of services free from the interruption or cessation of services that might be caused by marriage. A restraint on marriage

that is not more extensive in time nor more onerous in its nature than is reasonably necessary for the proper fulfillment of a contract for services is merely incidental to the contract. A restraint that is temporary and reasonable is not contrary to public policy where the contract is otherwise reasonable and the restraint is incidental to another lawful purpose of the bargain. Am. Law Inst. Restatement: Contracts, § 581. *Fletcher* v. *Osborn,* 282 Ill. 143. *King* v. *King,* 63 Ohio St. 363. *Barnes* v. *Hobson,* (Tex. Civ. App.) 250 S. W. 238. *Crowder-Jones* v. *Sullivan,* 9 Ont. Law Rep. 27. Compare *Lowe* v. *Doremus,* 45 Vroom, 658.

We have held that the marriage of a woman teacher is adequate cause for her dismissal if her marriage was contrary to the policy adopted by the school committee. *Sheldon* v. *School Committee of Hopedale,* 276 Mass. 230. *Rinaldo* v. *School Committee of Revere,* 294 Mass. 167. *Houghton* v. *School Committee of Somerville,* 306 Mass. 542. It has, moreover, been settled that contracts of employment of women teachers providing for their discharge if they marry do not impose any unreasonable restraint upon marriage. *Grimison* v. *Board of Education,* 136 Kans. 511. *Backie* v. *Cromwell Consolidated School District,* 186 Minn. 38. *Price* v. *Rhondda Urban District Council,* [1923] 2 Ch. 372. Our own decisions have upheld devises to beneficiaries as long as they remained single where the intent of the testator was not to prevent their marriage but rather to provide for their support while they were unmarried. *Knight* v. *Mahoney,* 152 Mass. 523. *Harlow* v. *Bailey,* 189 Mass. 208. *Ruggles* v. *Jewett,* 213 Mass. 167. Many cases upholding contracts imposing reasonable restraints upon marriage of one of the parties are collected in 122 Am. L. R. 127 and in 4 B. R. C. 215.

From what we have said there was no error in refusing to direct a verdict for the defendant. But there is another possible view of the evidence bearing on the terms of the contract. The jury might have found that one of the terms of employment was that the plaintiff should never marry anyone if she did not marry the defendant, the equivalent

of a promise on her part that if she did not marry the defendant she would remain single throughout her life. She did not promise to marry the defendant and there was nothing in the agreement obliging her to do so. The defendant was not required by the agreement to marry her. The plaintiff then is in the position of one who agrees never to marry anyone with the exception of a particular man with whom she has no contract of marriage. He not only agreed to support her while he lived but to support her for the rest of her life. He might have predeceased her and her obligation to render services would then terminate. The obligation to remain single after his death could be of no benefit to him and it would not facilitate the performance of any service under her agreement for she would have none then to perform. Her promise never to marry unless she married him, if the jury found as a fact that this was a part of the agreement between them — and she testified that it was an important part of the agreement — was, we think, a general restraint upon marriage. It was so extensive in time and so comprehensive in scope — excluding every man, even the defendant, unless he chose to marry her — that it cannot be justified as reasonably necessary for the proper performance of her duties under the contract of employment. The jury could find that the agreement bound the plaintiff to live a life of celibacy unless the defendant of his own accord married her. On this aspect of the evidence, the defendant was entitled to have the jury instructed in accordance with his fourth request. *Lowe* v. *Peers*, 4 Burr. 2225. *Chapin* v. *Cooke*, 73 Conn. 72. *McCoy* v. *Flynn*, 169 Iowa, 622. *Conrad* v. *Williams*, 6 Hill, 444. *Grant* v. *Butt*, 198 S. C. 298.

*Exceptions sustained.*