Rollins, J.
The defendants were partners. They operated a diner in North Weymouth.
Prior to January 21, 1946, Melong, one of the partners, hired the plaintiff to work as a cook in the diner. She was employed to work eight hours a day for six days a week, or forty-eight hours a week, at ninety-four cents an hour. Melong also told the plaintiff he would pay her for overtime work, but no specific amount per hour was discussed or agreed upon.
The evidence tended to show the following facts:
The plaintiff began work January 21, 1946 and left the defendants’ employ March 4,1946. She worked 10 hours a day, 6 days a week for 6 weeks or a total of 360 hours. The defendants paid the plaintiff $45 a week for six weeks or a total of $270. Had they paid her for her “regular” time work, as agreed, namely at 94 cents an hour for 288 hours *160 she would have received $270.72. It is evident that the $270. was paid the plaintiff for her “regular” work and that she received no compensation whatever for her “overtime” work. She worked overtime 2 hours a day for 36 days or a total of 72 hours.
The plaintiff’s declaration is in general terms.. There are no details given. Its material parts are as follows:
. . . “the plaintiff . . . says that the defendants owe her the sum of $102.25 for labor and services rendered — ”
An analysis of the Report would seem to show that the plaintiff’s claim must have been substantially as follows:
To labor and services 288 hours at 94 cents per
hour as agreed.............................$270.72
'To 7'2 hours “overtime” services at “time and a
half” or $1.41 per hour..................... 101.52
Total................... 372.24
Credit — paid on account.........:............ 270.00
Balance due ...........................$102.24
It appears, therefore, that all of the plaintiff’s claim except a small balance of 72 cents, was for “overtime” work. The parties and the trial Court have treated it as such.
The defendants’ answer was a general denial and plea of payment.
At the close of the plaintiff’s evidence the defendants offered no evidence on their own behalf but directed’the attention of the Court to the provisions of G-. L. Chapter 149, section 56, and seasonably filed the following four requests for rulings of law:
*161 “(1) Upon all the evidence in this case, the plaintiff is not entitled to recover against these defendants. (■2) As a matter of law, the plaintiff has not made out a case against these defendants. (3) The plaintiff is bound by the provisions of General Laws, Chapter 149, Section 56. (4) If a contract was made as claimed by the plaintiff under the terms of which the plaintiff was to be employed more than 48 hours in any one week, or for more than 9 hours in any one day, such an agreement was in contravention of General Laws, Chapter 149, Section 56, and the plaintiff is not entitled to recover for any overtime wages.”
The trial judge found for the plaintiff in the amount of $101.52. He acted upon the defendants’ requests in the following manner:
“1 and 2 denied, 3 and 4 question of illegality should have been raised by way of answer. The Court rules that it is not against public policy for the plaintiff to recover for her labor.”
He also made findings of fact which included the following:
“. . . The Court has taken judicial notice that in this vicinity during the months of January and February, 1946, that in the plaintiff’s type of work additional compensation was paid for overtime at 1 y2 times the regular hourly rate.”
The Report states “the defendants claiming to be aggrieved by the denial of their requests numbered 1, 2, 3 and 4, I hereby report this matter to the Appellate Division for determination.”
The pertinent parts of the statute in question are as follows:
Section 56. “No . . . woman shall be employed or be permitted to work in, or in connection with, any . . . *162 mercantile . . . establishment . . . more than nine hours in any one day . . . and in no case shall the hours of labor exceed forty-eight hours in a week
Section 57. “. . . any person who . . . employs any person in violation of said section (the preceding section) . . . shall be punished by a fine of not less than fifty nor more than one hundred dollars. ’ ’
The first question confronting us is whether the defendants, not having set up the matters in their answer, can now avail themselves of the alleged illegality, under the statute, of the agreement for overtime work. We are of the opinion, that under the circumstances of this case, they can.
In James J. Sullivan Inc. v. Cann’s Cabins, Inc., 309 Mass. 519 at page 521 the Court said, “The judge rightly ruled that the defendant’s failure to plead illegality in its answer did not preclude him from considering the question, especially in a case like this where the pertinent facts are undisputed, if indeed they do not appear from the plaintiff’s declaration alone.”
If the plaintiff’s declaration shows she relies upon an illegal agreement or violation of law or if she is obliged to show her own guilt in fully proving her case, the failure of the defendants to plead illegality in their answer does not preclude the trial Court from considering these matters as a defense. O’Brien v. Shea, 208 Mass. 528, 535.
In the instant case the pertinent facts that the action was brought by a woman for overtime work were undisputed. Furthermore, even if the plaintiff’s declaration does not disclose illegality, and it may well be considered to do so, yet the plaintiff could not have fully proved her case without disclosing the above facts.
The Court could take judicial notice of the statute. It is a general law. Courts will take judicial notice of general laws. Brodsky v. Fine, 263 Mass. 51, 54.
*163 We must now consider whether the quoted statute does, in law, prevent the plaintiff from recovering for overtime work.
An examination of the statute in question discloses that:
Employers are prohibited from employing women for longer than the prescribed hours. It is made a crime for them to do so, and if they do so, they are subject to punishment in criminal proceedings. On the other hand, the statute does not prohibit women from working “overtime.” It does not make it a crime for them to do so, and if they do they are not subject to any penalty or punishment.
Apart from this statute, it is perfectly clear that a woman can recover from her employer for all the hours she labors for him, for “overtime” as well as for “regular” time.
Since the statute does not make it illegal, or a crime, for a woman to work overtime, we do not believe the statute prohibits or prevents woman from recovering for such overtime in civil actions. See Atlas Bank v. Nahant Bank, 3 Met. 581, 587.
To find otherwise would be to hold that an employer could use a statute, under which he acted unlawfully, to prevent a woman employee from recovering for work which she had done for him and which the statute did not make unlawful for her to perform.
The attorney for the defendants has argued in his brief that the trial judge erred in taking judicial notice that “in plaintiff’s type of work additional compensation was paid for overtime at 1 y2 times the regular hourly rate” and in awarding the plaintiff damages at that rate. We do not believe this question is before us. Rule 27 of Rules of District Courts provides in part:
“ . . . The written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a re-hearing is requested . . .. *164 A draft report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report . .
No request for a report was filed in this case. The report, which was filed within the time required by the above rule, states only that “the defendants claimed to be aggrieved by the denial of their reguests for rulings of law.” These requests which have been fully set forth contain no request touching upon this point, or, in fact, in any way upon the measure of the plaintiff’s damages.
There was no prejudicial error and the order must be Report dismissed.