*Southern District*

## THOMAS A. EDWARDS

v.

## MANUEL J. RODRIGUES

*Present*: Nash, P. J. & Lee, J.

Case tried to *Owen, J.* in the District Court of Southern Norfolk. No. 16215.

*Lee, J.* This is an action of contract to recover $1,000 for money had and received. The defendant's answer contained a general denial, a plea of payment, and a denial "that he at any time has received or had any monies or credits to which the plaintiff may in any wise or manner be entitled".

*At the trial there was evidence tending to show the following*:

The plaintiff was employed part-time as a licensed real estate agent by Major Realty Development Corp. a Massachusetts corporation, and part-time as a road salesman selling food products for one Armand Nucci of Mansfield. Some time during March, 1961, a restaurant building owned by Armand Nucci was substantially damaged by fire. After the fire, the plaintiff talked to the owner about selling the property. The owner said he would sell for $40,000. The plaintiff talked to the defendant who said the price was too high. The owner told the plaintiff that he would sell it for $25,000 net to him. The plaintiff then told the defendant that he could buy it for $25,000 plus, and took the defendant to see the property. The owner told the

defendant he wanted $25,000 for himself. The defendant said he would think seriously about buying it. The plaintiff then said "how about my commission." The defendant said "don't worry, I will take care of it." Thereafter the defendant talked with Nucci about buying the property. Nucci, the owner, testified that the defendant said "take $1000 off because I have to pay Edwards something." Nucci also testified that he took $1,000 off the price and sold it to the defendant for $24,000. The defendant testified that Nucci had reduced the price by $1,000.

At the close of the trial and before final arguments, the defendant made the following requests for rulings:

1. On all the evidence the finding must be made for the defendant for the reason that as a matter of law, there is no evidence that entitled the plaintiff for a finding in his favor.

2. The evidence warrants a finding in favor of the defendant.

3. There is no evidence upon which the court can find that the defendant has any money, credits or property belonging to the plaintiff to warrant a finding for the plaintiff for money had and received.

4. The burden of proof is upon the plaintiff to prove the defendant has any property or credits belonging to the plaintiff which in equity and good conscience he should pay over to the plaintiff.

The court granted requests ##2 and 4 and denied requests ##1 and 3.

The court found for the plaintiff.

The defendant requested a report claiming to be aggrieved by the denial of his requests 1 and 3.

■ With regard to the denial of the defendant's request #1, it is well settled that a request based "on all the evidence" which does not specify the grounds upon which it is based may properly be denied and need not be reviewed by the Appellate Division. Rule 27 of the District Court, *Rizkalla v. Abusamra,* 284 Mass. 303 at 306; *Okin v. Sullivan,* 307 Mass. 227 at 228.

■ We now examine the denial of the defendant's request #3 in which he asserts there is "no evidence upon which the court can find that the defendant has any money, credits or property belonging to the plaintiff to warrant a finding for the plaintiff for money had and received." This is the real question presented by the report. The phrase "the evidence is insufficient to warrant a finding for the plaintiff used by the defendant in his request #3 puts forth the question whether or not there was sufficient evidence to permit a finding for the plaintiff. *Anapole v. Carver,* 327 Mass. 344, 346. If there was sufficient permissible evidence then the denial of this request is proper.

The facts show that the plaintiff, a licensed real estate agent, brought the defendant and owner of the property together and that the plaintiff expected to be paid and the defendant expected to pay him and that the defendant received a $1000.00 credit from the owner

on the strength of his representation that he would pay Edwards.

There was ample evidence that the defendant had assented to this credit for the benefit of the plaintiff and that the trial justice was warranted in equity and good conscience in disallowing the defendant to retain this money at the expense of the plaintiff.

 We have one other matter to consider. The defendant in his brief raised for the first time the defense of illegality based on G. L. (Ter. Ed.) c. 112, §87 RR. This defense was not raised in the defendant's answer nor in his requests for rulings.

The defense of illegality is an affirmative defense and must be pleaded specially in his answer. *Barnsky v. Hansen,* 311 Mass. 14, 17; *Gleason v. Mann,* 312 Mass. 420, 422. The exception to this rule applies in the case of a contract which is inherently wrongful or which is violative of some fundamental principle of public policy. *Gleason v. Mann,* 312 Mass. 420, 422. There is the further principle that question of law that could have been dealt with at the trial by requests for rulings of law cannot be raised for the first time in the Appellate Division.

There being no prejudicial error, the report should be ordered dismissed.

Lyne, Woodworth & Evarts, of Boston, for the plaintiff contended that an action for money had and received is governed by the equitable principle that "whenever one has money, either cash or credit, in his hands belonging to another . . . in equity and

good conscience he ought to pay it over to the other." *Sherman v. Werby*, 280 Mass. 157, 160; *Bianconi v. Crowley*, 256 Mass. 187, 189: "If there is an assent to the credit of the defendant for the benefit of the plaintiff, an action [for money had and received] can be supported on the principle that equity and good conscience forbid that the defendant should retain the credit at the expense of the plaintiff."

It is not necessary that privity of contract or consideration be shown. In an action for money had or received "the law creates the privity and implies the promise." *Sherman v. Werby*, 280 Mass. 157,160.

I. Manuel Rubin, of Boston, for the Defendant.