*Municipal Court of the City of Boston*
No. 111528

**FEDERAL LIQUORS, LTD.**

v.

**ANNCAR, INC., ET AL**

Argued: May 12, 1967     Decided: May 17, 1967

38

*Present:* Adlow, C.J., Gillen, Morrissey, J.J.

Case tried to *Canavan, J.* in the Municipal Court of the City of Boston    No. 111528

*Adlow, C. J.* Action of contract in two counts. Count I is against the defendant Anncar, Inc. for liquors sold and delivered in the amount of $3,417.20. Count 2 is against the defendant, Carmen N. Tocco, who on November 29, 1962 guaranteed to the plaintiff, ''the prompt and punctual payments of all sums of money that are now or may hereafter become due from Anncar, Inc.''. Prior to the inauguration of this writ the corporate defendant

became bankrupt and a suggestion of its bankruptcy was filed. The plaintiff seeks to recover from Carmen N. Tocco as guarantor. In his answer the guarantor denies the validity of the plaintiff's claim for the reason that the liquors for which claim is made were sold in violation of G.L. c. 138, § 25, as amended, and this was the sole issue on which the cause was tried.

*There was evidence that* the guarantor was the principal officer of Anncar, Inc.; that on November 29, 1962 he signed a guarantee running to the plaintiff covering all credits given to Anncar, Inc. by the plaintiff. One Burke, the credit manager of the plaintiff testifying from the regular kept records of the plaintiff, gave evidence that the last sale on credit made to Anncar, Inc. was made 88 days after the first sale for which this action was brought, and that no item for which claim is made was delivered more than 90 days after the earliest item in issue was charged. He stated that all shipments made to Anncar, Inc. subsequently were delivered only on a cash on delivery basis. The individual defendant Tocco testified that, though he had no records of the inlonger period than 90 days. On these facts dividual deliveries, and relying only on his memory, he was sure that the credit covered a the court found for the defendant corporation and against the defendant Tocco.

The issue raised by this disputed evi-

dence was purely of fact, and the court preferred the plaintiff's version of the fact to that of the defendant Tocco.

Had the court been satisfied from the evidence that credit was given for more than 90 days a finding for the guarantor would have been required. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.*, 309 Mass. 519; [*C. Leary & Co.* v. *Gillio*, 2 Mass. App. Dec. 15]. But the court was warranted by the evidence.

At the hearing before this Appellate Division defendant's counsel has argued that the finding for Anncar, Inc. on count 1 precludes a finding against the defendant Tocco under count 2. It is apparent that this inconsistency derives from pure oversight by the court of the fact that by statute a special judgment can be rendered against a bankrupt corporation so as to preserve the rights of the creditor against sureties and guarantors. G.L. c. 235, §24.

For this reason this cause should be remanded to the trial court for the purpose of revising its finding with respect to count 1. Such revision shall suffice to deprive the aggrieved party of the Complaint of inconsistency, and the order of this court shall then be **Report dismissed.**

Leon Birnbaum

of Boston for the Plaintiff

Jacob Stone

of Boston for the Defendant