*Municipal Court of the City of Boston*

No. 215140

**S. S. PIERCE CO., INC.**

**v.**

**MELVIN L. BREGER**

Argued: Jan. 16, 1970   Decided: Jan. 29, 1970.

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Sp. J.

Case tried to *Glynn, J.,* in the Municipal Court of the City of Boston No. 215140.

*Adlow, C.J.* Action of contract to recover on a guaranty. There was evidence that on December 12, 1967 the defendant, Melvin L. Breger, executed and delivered to the plaintiff, S. S. Pierce Company, dealers in liquors, a guaranty of the account of Arch Liquors Co., Inc. The instrument in issue

> "guarantees the prompt payment of any indebtedness of Arch Liquors Co., Inc. that is now due and which may at any time and from time to time be owing to you by said Arch Liquors Co., Inc. or any successor thereof in an amount not to exceed $3,500."

There was evidence that prior to the date of this agreement sales were made on credit as follows: May 11, 1967, $224.92; May 18, 1967, $307.88; May 24, 1967, $445.24; June 1, 1967, $312.07; June 8, 1967, $413.84; June 22, 1967, $364.77; June 23, 1967, $154.20; June 29, 1967, $386.22; August 1, 1967, $187.54. It appears from the record that no sales or deliveries were made after August 1, 1967. It also appears that beginning August 15, 1967 six checks were tendered on different occasions in payment of the above account but that all the checks were

returned unpaid with the notations "no funds". At the close of the evidence the defendant requested the court to rule that

> "If the plaintiff extended credit for beyond 90 days, then the said transaction is void; and that the plaintiff is not entitled to recover."

The court ruled in accordance with the requested ruling of law, but found as a fact that "There is no evidence of any credit being given to Arch Liquors Inc. beyond the date of the agreement." There was a finding for the plaintiff. Being aggrieved by the refusal of the court to find as requested the defendant brings this report.

There was no error. The undertaking of the defendant as evidenced by the contract of guaranty was to pay any indebtedness "that is now due" and such indebtedness "which may at any time and from time to time be owing to you." This was a valid and enforceable agreement. The fact that no purchases were made subsequent to the execution of the guaranty in no way affects the validity of the contract. In accepting the defendant's guaranty that plaintiff agreed to do business with a company in which the defendant was interested and to extend credit to this company on the strength of this guaranty.

We have been urged by the defendant to deny validity to this agreement for the reason that the plaintiff had extended credit to

the Arch Liquor Co., Inc. in violation of the statute forbidding credit beyond a period of 90 days in transactions involving the sale of liquor. G.L. c. 138, § 25. Acts, Extra Session, 1933, c. 376, § 25. The court did not find these facts. From the record it is apparent that the purchases were all made by the Arch Liquor Co., Inc. within a 90 days period. There is no evidence that any credit was given for a longer period. It is apparent, in view of the complete stoppage of deliveries after August 1, 1967, that the credit of the buyer had been shut off. It is inconceivable that the legislators who drafted Sec. 25 of Chapter 376 of the 1933 laws (Special Session) intended to confer a boon on dead beats by making unenforceable any claim which, without the assent or agreement of the creditor, remained unpaid after 90 days. [*C. Leary & Co.* v. *Gillis*, 2 Mass. App. Dec. 15].

This case is to be distinguished from *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.*, 309 Mass. 519. In that case the creditor extended credit on an outstanding liquor obligation over a 10 month period and thereby violated the 90 day rule. No such extension was granted in the cause under review. In the absence of an express agreement to the contrary we must assume that the parties in the cause under review contemplated a liquidation of all past indebtedness before any new credits were extended. This is clearly indicated by the absence

of any new charges or deliveries after August 1, 1967.

In seeking to avoid responsibility the defendant relies on the alleged illegality of the transaction on which plaintiff's claim is based. The burden of proving such illegality is on the defendant. In support of his claim he relies on an alleged piece of testimony of the credit manager of the plaintiff ''that Arch Liquors, Inc. was in fact indebted to the plaintiff for prior sales''. Just what is meant by this is rather obscure. Viewed in a light most favorable to the defendant it might mean that a sale on credit had been made to Arch Liquors, Inc. prior to May 11, 1967. Even so, unless it appeared from the evidence that such sale was made prior to May 1, 1967 it would not have brought the transaction beyond the 90 day period. The evidence was consistent with legality and the court so understood it. There is nothing in the record to support any claim that such a sale had been made prior to May 1, 1967.

There was no error. *Report dismissed.*

JOSEPH KRINSKY
    of Boston for the Plaintiff
SUMNER DARMAN
    of Boston for the Defendant.