JOHN FRANCIS REIDY, administrator, vs. OLD COLONY GAS
COMPANY.

Norfolk.     March 3, 1942. — March 6, 1944.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Workmen's Compensation Act*, Action against third person, Election of
  remedies.  *Executor and Administrator*, Claim for death.  *Negligence*,
  Causing death.  *Election*.

The administrator of the estate of an employee who left surviving him
  a widow, dependent children and also children over eighteen years of
  age and not dependent, had a right to maintain against a person other
  than the employer an action under G. L. (Ter. Ed.) c. 229, § 5; for
  negligently causing the employee's death, notwithstanding the facts
  that the action was not brought with the consent or for the benefit of
  an insurer of the employer under the workmen's compensation act
  and was brought after the employee's widow had elected to receive
  and had received compensation under the act for herself and the de-
  pendent children.

TORT.  Writ in the Superior Court dated February 26,
1936.

A demurrer to the defendant's amended answer was heard
and overruled by *Morton*, J., who then reported the case
under G. L. (Ter. Ed.) c. 231, § 111.

*H. J. Williams*, (*J. F. Connolly* with him,) for the plaintiff.
*W. I. Badger, Jr.*, for the defendant.

RONAN, J.  Joseph Browne was killed, while lawfully
upon the premises of his employer, on April 10, 1935.  He
left a widow and six children, two of whom were over eight-
een years of age.  The widow, on May 8, 1935, elected to
accept compensation under the workmen's compensation
act, in behalf of herself and the four younger children,
from the insurer of her husband's employer, and has since
received $18 a week compensation.  The plaintiff was ap-
pointed administrator of the husband's estate on February
26, 1936, and brought this action to recover for his intes-
tate's death which he alleges was due to the negligence of
the defendant.  This action was not brought for the benefit

of or with the consent of the insurer which has paid the aforesaïd compensation. The defendant set up these facts in its answer. A demurrer to this portion of the answer was overruled and the judge reported the correctness of his ruling to this court.

The question here is whether the election of the widow to take compensation under the workmen's compensation act, in behalf of herself and her four younger children, bars the administrator of her husband's estate from maintaining, in his own behalf and independently of the insurer, an action against the defendant gas company to recover damages for the death of the husband.

Section 15 of G. L. (Ter. Ed.) c. 152, as it read at the time of the plaintiff's cause of action, provided that where the injury for which compensation is payable occurred under circumstances creating a liability in some person other than the insured, the employee might proceed against such person to recover damages or against the insurer for compensation, but not against both. "If compensation be paid . . . the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee." An employee who has commenced an action against such third person may discontinue the action at any time before trial and accept compensation, provided the insurer has not then lost its right to enforce the liability of such third person. The purpose of this statute is to compel the employee to elect whether he will proceed against the person who caused his injury or accept compensation, and if he accepts compensation to preserve for the benefit of the insurer the cause of action against such person. *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 254 Mass. 359. *Furlong* v. *Cronan,* 305 Mass. 464. The insurer may or may not, as it deems expedient, commence an action against the wrongdoer but it cannot be compelled by the employee to do so. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547. *Calligaris's Case,* 292 Mass. 397. *Murphy* v. *Liberty Mutual Ins. Co.* 294 Mass.

505. But see St. 1939, c. 401, as amended by St. 1943, c. 432, giving the employee the right in certain instances to bring an action against the third person. The right of the insurer to maintain an action against the negligent third person is conferred by legislative grant and does not depend upon subrogation, *Jordan* v. *Orcutt*, 279 Mass. 413, 415, and the election by the employee to take compensation transfers the cause of action to the insurer. *Miller* v. *Richards*, 305 Mass. 424, 426.

Where the injury, however, has resulted in the death of the employee, it becomes necessary to determine whether the insurer which has paid compensation to the dependents under the workmen's compensation act, in accordance with their election to receive the benefits under that act, thereby obtains the exclusive right to maintain an action for the death when the intestate left children who were not dependents under the act. The term "employee" is defined by the act, G. L. (Ter. Ed.) c. 152, § 1 (4), which provides that the word shall, in case of the death of the employee, be construed to include "his legal representatives, dependents and other persons to whom compensation may be payable." The only persons who received any benefits under the act were the widow and the four younger children: G. L. (Ter. Ed.) c. 152, § 32. The act did not create any cause of action against a third person for causing the death of the employee. It merely gave the insurer the right in certain circumstances to enforce the liability for the death. Liability for negligently causing the death of a person was created by statute many years prior to the enactment of the workmen's compensation act and in its present form appears in § 3 of St. 1941, c. 504, amending G. L. (Ter. Ed.) c. 229, § 5. This last mentioned section authorized the personal representative to bring an action for the death for the benefit of the next of kin, which in this case consisted of the widow and all the children, and to pay the proceeds to the widow and children in equal moieties as provided by § 1 of said c. 229. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136. *Oliveria* v. *Oliveria*, 305 Mass. 297.

Those having a beneficial interest in the cause of action

for the death may or may not comprise the same group as those entitled to compensation under the workmen's compensation act. If the group were the same, their election to take under the act would transfer their interest in the death action to the insurer which had paid them compensation. In *Turnquist* v. *Hannon*, 219 Mass. 560, the widow both individually and as administratrix accepted compensation, and it was held that she had the right to make the election and that the insurer which paid compensation had the right to bring for its own benefit an action to recover damages for the death. The question whether the acceptance of compensation by the widow for herself alone would prevent an administrator from enforcing the liability created by the death statute against the wrongdoer for the benefit of the minor children, if there were such children, was not presented for decision. It was said that such a situation was probably not in the mind of the Legislature when the compensation act was enacted.

The two older children had no election to take compensation or to share in the damages that might be obtained in the death action. Their rights as statutory beneficiaries under the death statute were unaffected by the workmen's compensation act. They transferred no rights to the insurer. They were strangers to the insurer. The insurer by paying compensation did not represent them in any matters concerning their rights under the death statute. The personal representative of their father's estate was the statutory trustee of their rights under the death statute. The fact that an insurer which has recovered damages in an action for causing death is required to distribute the proceeds in accordance with § 15 of the workmen's compensation act, which is entirely different from the manner of distribution among the next of kin as provided for by § 1 of the death statute, indicates that the insurer is not authorized to bring an action for the death where the entire cause of action for the death was not transferred to it by the payment of compensation to some only of the persons who had a beneficial interest in the cause of action for death. We think the right of the two older children to participate in the damages that

may be recovered in the death action was not subordinated to the right of the insurer to retain all the damages if necessary to reimburse itself for the payment of compensation and in case of any excess to pay it over in accordance with said § 15.  The administrator never elected to take compensation and, as he is the only one who can enforce the rights of the two older children, we are of the opinion that he and not the insurer had the right to maintain the action for the death of the employee.  While there is a conflict of authorities, we prefer to follow those which give the personal representative the right, in circumstances like those presented in the instant case, to maintain an action to recover damages for the death of the employee.  *Doleman* v. *Levine*, 295 U. S. 221.  *Western Union Telegraph Co.* v. *George*, 239 Ala. 80.  *Joel* v. *Peter Dale Garage*, 206 Minn. 580.  *Zirpola* v. *T. & E. Casselman, Inc.* 237 N. Y. 367.  *United States Fidelity & Guaranty Co.* v. *Graham & Norton Co.* 254 N. Y. 50.  *Babb* v. *Conboy & Brown Construction Co.* 264 N. Y. 357.  *Reid* v. *Owens*, 98 Utah, 50.  Compare *Thornton* v. *Herman*, 380 Ill. 341; *Grand Rapids* v. *Crocker*, 219 Mich. 178; *Laird* v. *Vermont Highway Department*, 112 Vt. 67.

We are not now concerned with the distribution of the damages, if any, that might be obtained in the present action.  *O'Connor* v. *Benson Coal Co.* 301 Mass. 145.  *Oliveria* v. *Oliveria*, 305 Mass. 297.  *Arnold* v. *Jacobs*, 305 Mass. 427.

The order overruling the plaintiff's demurrer to the third paragraph of the answer is reversed.

*Demurrer sustained.*