CLARE M. LEIST'S CASE.

Suffolk.   January 4, 1966. — April 1, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Filing of claim, Action against third person, Election of remedy, Appeal. *Election.*

Where it appeared in a workmen's compensation case that the employee, who sustained a compensable injury in 1961, brought an action at law against a third person under G. L. c. 152, § 15, but later discontinued it after notice to the insurer, and filed a claim for compensation for the first time fifteen months after the injury and several months before the expiration of the period of limitation under G. L. c. 260, § 2A, for an action at law against the third person, it was held that the nine months limitation in § 15 on the insurer's right to bring an action at law against the third person was inapplicable, that the employee by filing the claim for compensation made a binding election to abandon the right of action at law against the third person and the insurer thereafter alone had the benefit of that right, and that there was no merit in a contention by the insurer that it had lost that right and so was prejudiced by the late filing of the claim.   [468–469]

The exculpatory provisions of G. L. c. 152, § 49, apply to the provision of § 41 requiring filing of a claim for workmen's compensation within thirty days after discontinuance of an action against a third person under § 15.   [469]

On appeal from the final decree in a workmen's compensation case, this court did not consider a contention made for the first time before it. [470]

___

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the Workmen's Compensation Act.

The case was heard by *Coddaire, J.*

*Paul A. Murphy* (*John T. Burke* with him) for the insurer.

*Laurence S. Locke* for the employee.

KIRK, J. On June 5, 1961, Clare M. Leist (the employee) fell and sustained an injury which admittedly arose out of and in the course of her employment. She reported the injury on the same day to her employer, the Aerosol Corporation of America, which in turn reported the injury to its insurer. The employee made no claim for compensation within six months of the injury under the Workmen's Compensation Act, G. L. c. 152, § 41,[1] as it then provided. Rather, on December 4, 1961, under the option provided by G. L. c. 152, § 15, she commenced an action at law against the owner of the building where she fell. The action at law was discontinued on March 9, 1962, after notice of the intended discontinuance to the insurer dated March 7, 1962. For the first time the employee made a claim under the Workmen's Compensation Act on September 14, 1962.

The single member found that the delay in making the claim for compensation "prejudiced the insurer in its rights to bring a third party suit within nine months" and dismissed the claim. The reviewing board reversed the decision of the single member, made findings of fact, and awarded compensation. In the Superior Court the case was recommitted with specific instructions and "[f]or finding and decision anew on all the evidence." The single member found no prejudice to the insurer and awarded compensation. The reviewing board modified the single member's decision, and adopted and affirmed his findings and decision as modified. From a decree in the Superior Court, ordering payments to be made in accordance with the decision of the reviewing board, the insurer appeals.

---

[1] By St. 1965, c. 487, § 1, the time for making the claim was extended to one year after the occurrence of the injury.

The insurer bases its appeal on the ground that it has been prejudiced as matter of law by the interval of fifteen months between the date of injury (June 5, 1961) and the date of the claim (September 14, 1962).

Consideration of the insurer's contentions requires us to deal with certain sections of G. L. c. 152 (the act) and with some of our decisions under them. The insurer's main contention is that it has been prejudiced through deprivation of the right to proceed in an action at law against the third party tortfeasor, here the lessor, under the provisions of G. L. c. 152, § 15, which read, at relevant times, in part, as follows: ". . . the employee may at his option proceed either at law against . . . [the third party tortfeasor] to recover damages or against the insurer for compensation . . . but, except as hereinafter provided, not against both. If compensation be paid under this chapter, the insurer may enforce . . . the liability of . . . [the third party tortfeasor], and if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed. . . . An employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against . . . [the third party tortfeasor], he shall after notice to the insurer discontinue such action, provided that upon payment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided." (The six and nine months limits have respectively been extended to one year and fifteen months by St. 1965, c. 487, § 1A.)

Section 15 sets out the circumstances in which an employee may now be held to have made a binding election between a claim under the Workmen's Compensation Act and an action at law against the tortfeasor. These circumstances are quite dissimilar to the situation prior to the amendment by St. 1939, c. 401, when the employee's choice

to proceed under the Workmen's Compensation Act was an absolute bar to his bringing an action against the tortfeasor and effected an irrevocable transfer of the right of action to the insurer. *Becker* v. *Eastern Mass. St. Ry.* 279 Mass. 435, 442–443. The amendment made by St. 1939, c. 401, to make G. L. c. 152, § 15, read as quoted above authorized the employee to proceed at law against the third party tortfeasor in any case where the employee had claimed or received compensation under the act within six months after the injury and where the insurer had not brought an action at law against the third party within nine months after the injury. The nine months limitation on the insurer's right of action at law against the third party becomes operative only if the employee made a claim or received compensation under the act within six months after the injury. *Employers Mut. Liab. Ins. Co.* v. *Ford Motor Co.* 335 Mass. 504, 507–508. If the employee does not make claim or receive compensation under the act within the time fixed by the act, but does make claim or receive compensation thereafter, he is thereby precluded from commencing an action at law against the third party tortfeasor. The employee has, in that event, made a binding election to abandon his rights at law, and the statute preserves the cause of action at law for the sole benefit of the insurer, *Furlong* v. *Cronan,* 305 Mass. 464, 467, subject to the statute of limitations for actions in tort. G. L. c. 260, § 2A. See *Broderick's Case,* 320 Mass. 149, 152–153.

We apply what we have said to the case at bar. The employee's initial choice of the action at law was not a binding election since she complied with the provisions of G. L. c. 152, § 15, by discontinuing the action, with notice to the insurer, prior to trial. Inasmuch as the employee had not made a claim under the act within six months after her injury, the nine months limitation on the insurer's right of action under § 15 did not become operative. When, on September 14, 1962, she did make her claim under the act, she made a binding election of remedy in that she thereby permanently surrendered her cause of action at law against

the third party.    Furthermore, on September 14, 1962, the statute of limitations on the action at law against the third party had yet almost nine months to run, with the result that ''the insurer . . . [had not] lost its right to enforce the liability of . . . [the third party tortfeasor]'' on that date.    G. L. c. 152, § 15.    At this point, therefore, it can be said that the insurer's main contention fails.

The insurer points out, however, that G. L. c. 152, § 41, provides that: ''No proceedings for compensation . . . shall be maintained . . . unless the claim for compensation . . . has been made . . . in case an action against a third person is discontinued . . . within thirty days after such discontinuance'' and that the employee here did not make her claim until more than six months after the discontinuance.    Hence, the insurer argues, the claim is barred because it was made too late.    The obvious counterpoint is § 49 which provides in part that ''Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter . . . *if it is found that the insurer was not prejudiced by the delay*'' (emphasis supplied).    The insurer nevertheless persists, contending that § 49 does not apply to claims made after the discontinuance of an action against a third person because the latter provision was enacted by St. 1929, c. 326, § 2, nine years after the italicized words were added to what is now § 49 by St. 1920, c. 223, § 2.    We are not persuaded.    The fact is that St. 1929, c. 326, § 2, was not enacted as a separate provision of law but, rather, was incorporated in the predecessor of § 41, with the result that all provisions of § 41, whenever enacted, are subject to the exculpatory provisions of § 49. We conclude that the insurer's contention that it has been prejudiced as matter of law because it has ''lost its right to enforce the liability'' of the third party is without foundation.    On the contrary, the insurer's right to proceed at law against the third party existed when the claim for compensation was made by the employee and, indeed, existed when the reviewing board made its first order for payment on May 28, 1963.

The insurer's additional contention, that the employee's delay in making claim under the act was prejudicial because the delay impaired the insurer's opportunity adequately to investigate the third party's liability, is made before us for the first time. We do not consider it for the reasons stated in *Vaz's Case,* 342 Mass. 495, 499.

The decision of the reviewing board was complete and correct. The decree was right and is affirmed. Costs and expenses shall be allowed by the single justice.

<div align="right">

*So ordered.*