## Louis J. DeSisto's Case.

Suffolk.  October 5, 1966. — November 4, 1966.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Workmen's Compensation Act,* Action against third person, Snow and ice, Election of remedies, Waiver. *Election. Estoppel. Waiver.*

An employee of an insured under the Workmen's Compensation Act, G. L. c. 152, who was injured on premises of the insured's customer, did not, merely by informing the insurer through his attorney a short time after the accident that the employee "intended to proceed against the owner" of the premises, make a binding election to seek damages from the owner and was not precluded by § 15 from seeking compensation under the act thereafter. [350–351]

Failure of one injured in a fall on ice on certain premises to give the owner of the premises the notice required by G. L. c. 84, § 21, in order to bring into existence a cause of action against the owner for the injuries did not foreclose the person injured, who was an employee of an insured under the Workmen's Compensation Act, c. 152, from compensation thereunder where, although the claim for compensation was filed after the expiration of the thirty days specified for notice in c. 84, § 21, the insurer had received a detailed report of the injuries ten days after the accident. [351]

A representation to an insurer under the Workmen's Compensation Act, by an attorney on behalf of an employee of the insured injured on premises of the employer's customer, "that the employee intended to proceed against the owner" of the premises for damages, did not estop the employee from thereafter claiming compensation under the act where there was nothing to indicate that the employee intended the insurer to rely on the representation [351–352]; nor did the employee's conduct constitute a waiver of his right to compensation [352].

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Collins, J.*

*Avram G. Hammer (Harris Altman* with him) for the employee.

*Philander S. Ratzkoff* for the insurer.

REARDON, J. The single member found in favor of the insurer, Employers' Liability Assurance Corporation, Limited, and his decision was reversed by the reviewing board. The case is before us on appeal from a decree dismissing the claim. The reviewing board made the following findings.

On March 20, 1961, DeSisto, who was employed as a debit insurance agent by the John Hancock Mutual Life Insurance Company, slipped and fell on ice on premises of a policyholder and sustained injuries. His employer filed a detailed report of his injuries with the insurer on March 30. On April 4, an adjuster for the insurer discussed the injuries with DeSisto, who at that time informed him that he had engaged an attorney. On April 5, the adjuster telephoned the attorney for DeSisto and was advised by him "that the employee intended to proceed against the owner of the building." On April 25, a claim for compensation was filed at the Division of Industrial Accidents. On

May 3, DeSisto's attorney told the adjuster that he had advised DeSisto against proceeding against the third party. At no time did DeSisto or anyone on his behalf notify the owner of the premises where he fell concerning his fall, that it was due to ice or snow, and that he might claim damages.

The reviewing board concluded that since DeSisto had filed his claim for compensation within the six months permitted under the provisions of G. L. c. 152, § 41, "he had fulfilled his obligations under the Workmen's Compensation Act and the insurer was not prejudiced."

It is contended by the insurer that DeSisto is foreclosed from compensation under G. L. c. 152 because of his failure to give the snow and ice notice within thirty days of injury as required by G. L. c. 84, § 21. The insurer alleges also an estoppel of the employee or, alternatively, a waiver of his right to claim compensation based on the facts found by the reviewing board.

General Laws c. 152, § 15, provides that the employee "may at his option proceed either at law against . . . [the third party tortfeasor] to recover damages or against the insurer for compensation under this chapter, but, except as hereinafter provided, not against both." Such an election takes place when an action is brought against the third party in tort.[1] *Miller* v. *Richards,* 305 Mass. 424, 425–426. It also occurs where the employee in a settlement has elected to take damages without bringing an action. *Cripps's Case,* 216 Mass. 586, 588. The principle underlying the workmen's compensation law is "that there shall not be double recovery for injury — once by way of compensation and once by way of damages." *McDonald* v. *Employers' Liab. Assur. Corp. Ltd.* 288 Mass. 170, 174, and cases cited. In this instance the employee brought no action nor did he

---

[1] We are not here confronted with the situation contemplated by the last sentence of G. L. c. 152, § 15, which provides that an "employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall after notice to the insurer discontinue such action, provided that upon payment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided."

settle with the alleged tortfeasor. Although he considered suing and so represented to the insurer through his attorney, his conduct did not amount to a binding election to proceed against the third party.

The insurer complains that the claimant, by his failure to give the required statutory notice, has "destroyed" the cause of action, thus extinguishing the insurer's right to press it under G. L. c. 152, § 15. The objectives of c. 152 have on a number of occasions been the subject of broad definition. See, e.g., *Devine's Case,* 236 Mass. 588, 593. The statute has been construed liberally for the protection of the injured employee. See *Roberge's Case,* 330 Mass. 506, 509. The thrust of the cases has been that the statutory objective of protection for the employee takes precedence over any right of the insurer against third parties. Thus in *Cripps's Case,* 216 Mass. 586, where an employee prior to death had given a release, it was held that this did not affect the right of his widow to recover compensation. See also *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631. In our view, the payment of compensation to an employee, whose protection is the prime objective of the statute, is not to be disturbed by such rights as the insurer may or may not have against a third party whose negligence caused the employee's injury. *Turnquist* v. *Hannon,* 219 Mass. 560, 565. *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631, 632.

There is no interdependence between the enforcement of the insurer's claim and the employee's right to compensation under the statute. It is our belief that *Furlong* v. *Cronan,* 305 Mass. 464, should not be so read that a cause of action for the benefit of the insurer is guaranteed in each case of this type where the employee ultimately elects compensation. Here the insurer was on notice of the accident and could itself have taken action to protect its interest under the statute. Under G. L. c. 84, § 19, it was at liberty to give the notice on behalf of DeSisto if it so desired.

The insurer's claim of estoppel against the employee also fails. The basis of an estoppel is a representation or conduct amounting to a representation intended to induce a

course of action on the part of the person to whom the representation is made, and where, as a consequence, there is detriment to the person relying on the representation and taking the action. See *Cleaveland* v. *Malden Sav. Bank*, 291 Mass. 295, 297, 298; *Greenwood* v. *Martins Bank, Ltd.* [1933] A. C. 51, 57. Had DeSisto's action constituted a representation there is nothing to indicate that there was an intention on his part that the insurer rely on it. To refuse to apply the principle of estoppel is, in this case, not inequitable. See *Boston & Albany R.R.* v. *Reardon,* 226 Mass. 286, 291, and cases cited.

Nor, in our belief, did the employee waive his right to claim compensation. General Laws c. 152, § 46, prohibits agreements to waive rights under its terms unless made within three months of beginning employment and with division approval. The employee's conduct here neither manifested an actual intention to relinquish his right to compensation nor does it compel a denial of that right in the light of the legislative purposes of the workmen's compensation act. See *Armburg* v. *Boston & Maine R.R.* 276 Mass. 418, 421.

In essence the insurer has sought to make the payment of compensation to the employee dependent upon its ability to bring a third party action. This would result in a cut back of the period of time for the statutory notice provided under the workmen's compensation law to accommodate the insurer's needs under G. L. c. 84, § 21, which provides that notice on a snow and ice case be given within thirty days of injury. We cannot agree with this result and for this reason, in addition to others assigned, the order must be

*Decree reversed, with costs of appeal to*
*be determined by the single justice.*