CARMELINA DAGRACA & another [1] vs.
HOWARD N. FEIST, JR., & others, trustees.

Essex.   January 6, 1972. — February 7, 1972.

Present: CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Workmen's Compensation Act*, Action against third person, Claim.

Where it appeared that an injured employee, even if she failed to file
an adequate claim for workmen's compensation under G. L. c. 152
within six months after her injury, did file an adequate claim and
received workmen's compensations after the expiration of the six
months, and that her employer's insurer never proceeded under
§ 15, as appearing in St. 1943, c. 432, to enforce alleged liability of
a third person for her injury, she was not barred from proceeding
against the third person under § 15 by an action commenced within
the two year period of limitations for actions of tort.   [87–88]

TORT.   Writ in the Superior Court dated April 7, 1967.
The action was tried before *Ponte*, J.
*Anthony J. Randazzo* for the plaintiffs.
*John T. Ronan* for the defendants.

BRAUCHER, J.   This is an action of tort for personal in-
juries and consequential damages sustained when the
plaintiff wife (the employee) stepped into a depression in
a walk owned and controlled by the defendants.   The
defendants asserted that the employee had filed a claim
for workmen's compensation more than six months after
the injury and that her action was therefore barred by
G. L. c. 152, § 15, as appearing in St. 1943, c. 432.   The
judge made written findings of fact pursuant to a stipu-
lation that his findings would be final.   After verdicts
for the plaintiffs had been returned under leave reserved,
the judge allowed the defendants' motion for the entry of
verdicts in their favor.   The case is here on the plaintiffs'
exceptions.

[1] Quintino DaGraca, husband of Carmelina DaGraca.

We summarize the findings. The employee was injured on June 14, 1965. On June 21, the workmen's compensation insurer of her employer, Superior Shoe Company, mailed compensation forms to her. On July 7 her attorney sent the insurer a report of injury and a certificate of dependency status. On July 27 the attorney wrote the insurer that he represented the "employee in her claim for personal injuries," and this letter constituted a "[c]laim for compensation." On August 12 a claims adjuster for the insurer notified her of an appointment for a medical examination on September 7. During August the insurer obtained a statement from a witness to the injury, and the employee was examined by a doctor on behalf of the insurer.

On May 13, 1966, about eleven months after the injury, the attorney sent a request for hearing to the Industrial Accident Board, with a copy to the insurer. The board replied noting that the file did not contain a "formal claim for compensation," and no "formal claim for compensation" was made until a formal claim was executed by the employee on July 18, 1966, and sent to the board on July 21, 1966, with a copy to the insurer. The writ in the present action was issued on April 7, 1967, about one year and ten months after the injury and about eight and one-half months after the filing of the formal claim. The insurer was not prejudiced by want of notice of injury or by failure to file a formal claim within six months. G. L. c. 152, §§ 41, 44, 49. During 1967 the board held a hearing and filed a decision on the claim for compensation, and some time after November, 1967, the insurer paid workmen's compensation benefits to the employee and medical expenses.

The defendants rely on what we said about G. L. c. 152, § 15, as appearing in St. 1943, c. 432,[2] in *Leist's Case,*

[2] General Laws c. 152, c. 15, reads in part: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but, except as hereinafter

350 Mass. 465, 468: "If the employee does not make claim or receive compensation under the act within the time fixed by the act, but does make claim or receive compensation thereafter, he is thereby precluded from commencing an action at law against the third party tortfeasor." They further contend that the letter of the employee's attorney on July 27, 1965, was insufficient as a "claim" of compensation, since it did not manifest a binding election to surrender to the insurer the cause of action against the defendants.

1. The plaintiffs argue with some force that the attorney's letter of July 27, 1965, was a sufficient "claim" of compensation, made within six months of the injury, to satisfy G. L. c. 152, § 15, since it adequately informed the insurer of the claim and would have been a sufficient basis for voluntary payment of compensation by the insurer. If such a payment had been made, any failure to give formal notice of claim would have been cured under G. L. c. 152, § 49. *Kareske's Case*, 250 Mass. 220, 227. The employee would then have been bound by an election to surrender to the insurer the cause of action against the defendants. But we need not decide this question, since we decide for the plaintiffs on a broader ground.

2. Section 15 was amended by St. 1939, c. 401, to permit the employee, after claiming compensation under the act within six months after the injury, to proceed to enforce the liability of a third party if the insurer does not. It is no longer accurate to say, as we said in *Furlong* v. *Cronan*, 305 Mass. 464, 467, that the employee who has elected to claim compensation has "permanently lost all interest in the cause of action" against the third party

---

provided, not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person, and if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed. In either event the sum recovered shall be for the benefit of the insurer unless such sum is greater than that paid by it to the employee. If the insurer brings the action four fifths of the excess shall be paid to the employee, and if the employee brings the action he shall retain the entire excess."

"except the possibility of sharing" in any recovery in excess of compensation paid. We overstated the case when we said in *Leist's Case*, 350 Mass. 465, 468, that "the statute preserves the cause of action at law for the sole benefit of the insurer." The cause of action is now preserved for the benefit of both the employee and the insurer.

The interest of the third party in protection against stale claims is adequately served by the two year statute of limitations for actions in tort. G. L. c. 260, § 2A. See *Broderick's Case*, 320 Mass. 149, 152–153. The six month limitation in § 15, like the similar limitation in § 41, is for the benefit of the insurer, not the third party. The third party has a legitimate interest in not being subjected to two actions for the same cause of action, but no such problem is presented here. If it were, we think it should be raised by motion before trial, not saved by leave reserved for a ruling after trial.

3. Our conclusion that the defendants here cannot assert a defence based on § 15 is fortified by § 49: ". . . Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter . . . if it is found that the insurer was not prejudiced by the delay. . . ." We are here concerned with the six months fixed by § 15 rather than the six months fixed by § 41, and an action in tort is not "proceedings under . . . [chapter 152]," but it would be anomalous to permit the employee to proceed against the insurer on the basis of a late claim and at the same time to forbid her to proceed against the third party because of the same lateness. Compare *Berthiaume's Case*, 328 Mass. 186; *Leist's Case*, 350 Mass. 465.

4. At the argument we were informed that the same insurer which provided workmen's compensation coverage for the employer also provided liability coverage for the defendants. It was suggested that the attorney's letter of July 27, 1965, might therefore have been ambiguous and might have been read by the insurer as asserting a tort claim rather than a workmen's compen-

361 Mass. 89                                            89

County Commrs. of Middlesex County *v.* Sheriff of Middlesex County.

sation claim. The letter stated that the attorney repre-
sented the "employee in her claim" and referred to an
accident that occurred "in the parking lot of Superior
Shoe Company," the employer. We fail to see the am-
biguity. It may be, however, that the identity of insurers
helps to explain the failure of the workmen's compensa-
tion insurer to assert the third party claim. Compare
*Burke* v. *Atlantic Research Corp.* 358 Mass. 764.

> *Exceptions sustained.*
> *Judgments for the plaintiffs*
> *on the verdicts returned*
> *by the jury.*