GERARDO RUFO'S CASE. July 31, 1975. This case arises under the Workmen's Compensation Act and is before this court on an appeal by the employee from a final decree of the Superior Court dismissing his claim. The following facts were set out in the final decree. The employee sustained injuries on June 17, 1959, while working as an employee of the insured. The employee brought an action of tort for negligence against a third party to recover for his injuries by a writ entered in the Superior Court on March 7, 1960. The employee filed a claim for compensation against the insurer on April 27, 1964, although he did not discontinue his tort action until August 25, 1965. The employee's claim for compensation was dismissed on the basis that he had made an election to proceed in tort against a third party under G. L. c. 152, § 15 (as amended through St. 1943, c. 432; but see subsequent amendment, St. 1971, c. 888, § 1, entitling an injured employee to compensation without election). The last sentence of § 15 provided: "An employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall after notice to the insurer discontinue such action, provided that upon payment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided." Because the insurer could not proceed against the third party until the employee discontinued his tort action (even though the claim for compensation was filed prior thereto), *Broderick's Case,* 320 Mass. 149, 151-154 (1946), the insurer could not have brought a tort action until August 25, 1965. The insurer argues (correctly, we think) that since a suit against the third party at that time would be barred by the statute of limitations, it had "lost its right to enforce the liability of such other person" by the delay in filing the claim for compensation, and therefore the employee is bound by his election to proceed at law. Contrast *Leist's Case,* 350 Mass. 465, 469 (1966). The employee contends that the insurer was not prejudiced because, as a factual matter in these circumstances (no determination on this question was made), the alleged negligent third party was not a person "other than the insured" under § 15 by virtue of their "common employment." See G. L. c. 152, § 18; *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 263-268 (1938). Thus, the employee argues that since he had no right to proceed against the third party, the insurer lost no right to enforce any third party liability. However, it was the law under § 15 as in effect prior to the 1971 amendment thereof that the employee was held to his election although no "legal liability" was found on the part of the third party. *Tocci's Case,* 269 Mass. 221 (1929). See *Coughlin* v. *Royal Indem. Co.* 244 Mass. 317 (1923). See also *Sciacia's Case,* 262 Mass. 531 (1928). Cf. *Miller* v. *Richards,* 305 Mass. 424 (1940). We see no reason to reach a different conclusion if the third party is immune

from liability. See Larson, Workmen's Compensation, § 73.21, n. 50 (1975). But see Locke, Workmen's Compensation, § 668, n. 49 (1968). Therefore, it was not error to refuse to consider whether the third party was in fact a person "other than the insured."

*Decree affirmed.*

*Anthony M. Fredella* (*Joseph N. Wheeler* with him) for the employee.

*Eli Fleishman* for the insurer.