FRANCIS R. ROOD'S CASE. May 8, 1979. The claimant in this case,
Francis R. Rood, was injured in a motor vehicle accident in 1969. At
the time of the accident he was a passenger in a truck owned by his
employer and operated by a fellow employee. After being advised by
the employer's insurer that, in its opinion, he had not been "within the
scope of [his] employment when the accident occurred," Rood com-
menced a tort action against his employer[1] and the fellow employee.
The tort action was referred to an auditor, who found that Rood's
injuries had arisen "out of and in the course of the common employ-
ment of" Rood and his fellow employee. The parties then filed a stipu-
lation in the tort action which resulted in the entry of judgment for
the defendants. Thereafter Rood filed the present claim under the
Workmen's Compensation Act, which was denied on the ground that
the claimant, by bringing the tort action, had made a binding election
under G. L. c. 152, § 15,[2] which barred his claim. The single member's

---

[1] The action was brought against the employer's personal represen-
tative, the employer having died before the tort action was filed.

[2] This case is governed by G. L. c. 152, § 15, as in effect prior to the
effective date of St. 1971, c. 888, which removed the election require-
ment. As then in effect § 15 provided in pertinent part: "Where the
injury for which compensation is payable was caused under circum-
stances creating a legal liability in some person other than the insured
to pay damages in respect thereof, the employee may at his option
proceed either at law against that person to recover damages or
against the insurer for compensation under this chapter, but, except
as hereinafter provided, not against both."

decision was affirmed by the reviewing board and by the Superior Court. We reverse and hold that the claimant made no binding election under § 15 (as then in effect). The prerequisite for such a binding election was the filing of a tort action against "a person other than the insured." See Locke, Workmen's Compensation § 668 & n.49 (1968). Neither an employer nor a fellow employee acting in the course of common employment is a "person other than the insured" for the purposes of § 15. *Clark* v. *M.W. Leahy Co.*, 300 Mass. 565, 568 (1938). *Carlson* v. *Dowgielewicz*, 304 Mass. 560, 562 (1939). See *Poirier* v. *Plymouth*, 374 Mass. 206, 217 (1978). The insurer's reliance on *Rufo's Case*, 3 Mass. App. Ct. 773 (1975), is misplaced. In that case there was no finding at any level of the proceedings that the defendant in the prior tort action had been a fellow employee acting in the course of common employment and thus not a "person other than the insured" for the purpose of § 15 (as then in effect). In the present case, it was specifically found both by the auditor in the prior tort action and by the reviewing board that the fellow employee had been acting in the course of common employment with the claimant. The judgment is reversed, and a new judgment is to enter remanding the case to the reviewing board for further proceedings not inconsistent with this opinion.

*So ordered.*

*James Lamme, III,* for the employee.
*Ronald E. Oliveira* for the insurer.