MARCOS MONTANEZ GONZALES's (dependents') CASE. June 4, 1981. The employee, a native of Puerto Rico, was killed in an industrial accident in Massachusetts on August 25, 1969. He was survived by two adult children from his first marriage who were living in Massachusetts, and by six minor children and their mother, the claimant-widow, who were then living in Puerto Rico. The question is whether the widow made an election binding on her and the minor children under G. L. c. 152, § 15, as in effect prior to amendment by St. 1971, c. 888, § 1, to pursue third-party rights in lieu of accepting benefits under c. 152, § 31. The single member found that an election had been made, and his decision was adopted by the reviewing board. A judge of the Superior Court reversed the reviewing board's decision and remanded the case to the Industrial Accident Board for the computation and payment of benefits to the widow and minor children. We affirm the judgment.

The judge ruled, in essence, that the evidence before the single member was insufficient as matter of law to warrant his finding that the

claimant had made a binding election to forgo compensation. That ruling was correct. As the insurer appears to concede, neither the widow's assent to the petition for administration filed by the adult children in Massachusetts, nor equivocal statements by her first attorney that she might pursue third-party rights, would effect an election. See *DeSisto's Case*, 351 Mass. 348, 350-351 (1966). The widow's claim for compensation filed with the Board in June, 1970, subsequent to the commencement of the third-party action by the administrators, is strong proof that she had elected compensation and had not chosen to participate in their suit. See *DaGraca* v. *Feist*, 361 Mass. 85, 87 (1972). There is no evidence sufficient to warrant a conclusion that this claim was ever waived or withdrawn. The attorney who prosecuted the action brought by the administrators made it clear that he had never spoken to the widow, that he did not purport to represent the interests of the Puerto Rican claimants, and that the action was brought primarily for the benefit of the two adult children, who had rights under G. L. c. 229 but not under G. L. c. 152. See *Reidy* v. *Old Colony Gas Co.*, 315 Mass. 631, 633-635 (1944); *Zirpola* v. *T. & E. Casselman, Inc.*, 237 N.Y. 367, 370, 373 (1924). It follows that the insurer cannot rely on the general settlement of that case as foreclosing the rights of the widow and six minor children, and that any sums recovered thereunder were held by the administrators subject to a statutory (see *Sullivan* v. *Goulette*, 344 Mass. 307, 311 [1962]) or common law trust for the benefit of the claimants or of the insurer. The result reached by the judge is consistent with the principles set forth in the *Reidy* decision, *supra* at 635, and with authority disfavoring the election device as "foreign to the spirit and purpose of compensation legislation." 2A Larson, Workmen's Compensation § 73.30 (1976), and cases cited. See now G. L. c. 152, § 15, as appearing in St. 1971, c. 888, § 1, abolishing the need for election for accidents occurring after January 12, 1972; Locke, Workmen's Compensation § 668 (2d ed. 1981). The judge had the power to fashion a judgment which credited the insurer's responsibility with the funds received for the claimants by the administrators. This credit effectively eliminated any substantial chance of prejudice to the insurer.

*Judgment affirmed.*

*Salvatore J. Perra* for the insurer.
*William J. Branca* for the employee.