Flatley, J.
This is an action in contract to recover rent in the amount of $7,360.84 allegedly owed by the defendant-tenantfor the lasttwo months of its commercial lease of the plaintiffs property.
The defendant filed an answer and counterclaim alleging promissoiy estoppel, deceit, unfair and deceptive trade practices, and breach of the warranty of habitability.
The trial court allowed the plaintiff-landlord’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion, and entered summary judgment for the plaintiff in the amount of $7,360.84.
On the basis of the pleadings, the plaintiffs affidavits and the defendant’s counter-affidavits, it is undisputed that in November, 1984, the parties executed a commercial lease which, with renewals, was to have expired on October 31, 1989. The leased premises consisted of a warehouse in Haverhill, Massachusetts which the defendant-tenant used for the storage of ski equipment manufactured elsewhere.
In January, 1989, the defendant-tenant advised the plaintiff-landlord that it intended to vacate the premises before the October 31, 1989 expiration of the commercial lease term. In March, 1989, representatives of both parties met and agreed that the tenant could vacate early, but was obligated to continue paying rent for the remainder of the term unless and until the landlord could secure a new tenant. It is uncontroverted that an agreement was reached that the landlord would try to relet the premises. The report to this Division in fact includes a copy of a letter written by the landlord’s *101 attorney to the defendant-tenant which states, in pertinent part:
Per our conversation... we are going to proceed in finding a new tenant for the property forthwith. Your obligation, of course, carries through October 31,1989, but if we can secure anew tenant prior thereto, we should be able to work things out to save you considerable dollars.
At issue between the parties, however, is the exact nature of both the plaintiff-landlord’s obligation to relet the warehouse and its subsequent actions in fulfillment of such obligation. In its counter-affidavits, the defendant-tenant avers that it notified the landlord in January, 1989 of its desire to terminate the lease because of a lack of security atthe warehouse which had been broken into six times within a three month period in the fall of 1988, and which no longer served its purpose as a safe storage facility. The tenant asserts that the landlord agreed at their subsequent meeting to use its “best efforts” to secure a new tenant and that in reliance on such promise, the tenant made no efforts of its own to find a substitute tenant and refrained from instituting a declaratory action to determine its rights to terminate the lease.
The tenant further avers that the landlord not only failed to use its best efforts to locate a new tenant, but actually listed the property for sale instead of lease. Despite continuing reassurances to the defendant-tenant that the failure to secure a new tenant was attributable solely to rental market conditions, the landlord’s real estate broker in fact discouraged potential tenants and solicited only possible purchasers for the property. Upon inquiry by representatives of the tenant as to the availability of the warehouse for lease, the landlord’s broker stated that the property was for sale only. The warehouse remained unleased, and was ultimately sold in December, 1989.
Accepting as true the counter-affidavits of the defendant as non-moving party, and viewing all permissible inferences in the defendantss favor, Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991); Coveney v. President & Trus. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983), we conclude that summary judgment should not have been entered for the plaintiff herein. The defendant-tenant’s counter-affidavits are replete with assertions of fact which are contrary to those submitted by the Rule 56 moving party and which are material to genuine issues raised by the tenant’s defenses and counterclaims. Irrespective of the relative merits of the defendant’s contentions, the factual issues so raised could not be properly resolved upon a trial by affidavits. Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1982).
The defendant-tenant's allegation that the landlord breached its promise to use its “best efforts” to secure a new tenant raises issues wholly factual in nature. The existence, terms, and performance or breach of an oral contract are questions of fact for the trial court. See First Penn. Mortg. Tr. v. Dorchester Sav. Bk., 395 Mass. 614, 622-624 (1985); Gleason v. Mann, 312 Mass. 420 423 (1943). Similarly, a determination of the requisite quantity or quality of action which constitutes diligent, reasonable or best efforts is an issue of fact, see Stabile v. McCarthy, 336 Mass. 399, 404 (1957), particularly where, as in the instant case, the evidence is disputed.
There is no merit to the plaintiff’s argument that such questions are not genuine issues of material fact necessitating a trial herein, but are instead irrelevant, given the general rule that a landlord is not obligated under a commercial lease to relet the premises in mitigation of damages. See Fifty Associates v. Berger Dry Goods Co., 275 Mass. 509, 514 (1931); Cantor v. Van Noorden Co., 4 Mass. App. Ct. 819 (1976). The very essence of the concept of contract is that a party may voluntarily assume by agreement obligations not imposed upon him by law. The defendant has alleged that such an agreement was made and breached by the plaintiff, and such allegations are germane to the defenses and counterclaims asserted herein. Any doubt as to the existence of genuine issues of material fact must be resolved against the party who has moved for summary judgment. Correllas v. Viveiros, 410 Mass. 314, 316-317 (1991).
The defendant’s claims include fraud and estoppel which are essentially factual matters requiring proof of, in addition to other elements, representations or conduct *102 intended to deceive, or to induce detrimental reliance. See, generally, DeSisto’s Case, 351 Mass. 348, 351-352 (1966) (estoppel); Yorke v. Taylor, 332 Mass. 368, 371 (1955) (fraud). Summary judgment is disfavored in cases in which the intent of a party is material. Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990); White v. Seekonk, 23 Mass. App. Ct. 139, 141 (1986). Whether the defendant is ultimately able attrial to prove such intent on the part of the plaintiff or its own detrimental reliance does not eliminate the possibility of recovery on its remaining G.L.C.93A counterclaim. Zayre Corp. v. Computer Syst. of America, 24 Mass. App. Ct. 559, 570 (1987). Whether the plaintiff-landlord’s conduct, which itself is factually in dispute, rises to the level of unfair or deceptive acts and practices in violation of G.L.c. 93A, §11 is also a question of fact not properly resolved on a motion for summary judgment. Spence v. Boston Edison Co., 393 Mass. 604, 616 (1983); Langston v. LaBrecque, 25 Mass. App. Ct. 463, 469 (1988).
In short, the defendant-tenant has satisfied its burden of demonstrating a dispute of material facts in this action in opposition to the plaintiffs Rule 56 motion. F.D.I.C. v. Csongor, 391 Mass. 737, 740 (1991). The trial court’s finding that the defendanf s answer, counterclaims and general opposition to the plaintiff s motion were “without merit, vexatious and not offered in good faith” was an inappropriate basis upon which to consider and allow a summary judgment motion. Rule 56 does not permit a trial court to engage in fact-finding or to enter judgmentfor the party whose averments and contentions appear more plausible. Attorney General v. Bailey, 386 Mass. 367, 370 (1982).
Accordingly, the trial court’s allowance of the plaintiffs Rule 56 motion is reversed, and the judgment entered for the plaintiff is hereby vacated. This case is returned to the Haverhill Division for trial. So ordered.