Smith, J.
This matter comes before this Court pursuant to the defendants’ motion to dismiss under to Mass.R.Civ.P. 12(b)(6) and 12(b)(9) and G.L.c. 152, §15. The defendants claim that the plaintiffs’ action should be dismissed because it is preempted by a related action filed by the Commonwealth of Massachusetts. Since matters outside the pleadings were presented by both parties the motion will be treated as a motion for summary judgment pursuant to Mass.R.Civ.P. 56(b). See Mass.R.Civ.P. 12(b). For the following reasons the defendants’ motion is GRANTED.
BACKGROUND
On April 14, 1994, the plaintiffs filed the complaint in this action. The plaintiffs are eighteen present and former employees of the Commonwealth of Massachusetts Registry of Motor Vehicle (the “RMV”). The defendants consist of contractors and subcontractors involved in the construction of a building at 1135 Tremont Street, Boston, Massachusetts, which is known as the Ruggles Center. The plaintiffs’ complaint arises out of alleged injuries sustained during their employment at the RMV, during a period beginning in April 1994, when the RMV was Occupying the Ruggles Center. The plaintiffs claim that the injuries, which include rashes, nausea and headaches, were suffered as a result of air qualiiy problems at the Ruggles Center.
On April 3, 1997, two weeks prior to the plaintiffs filing their complaint, the Commonwealth of Massachusetts as a self-insured worker’s compensation provider filed a complaint, pursuant to G.L.c. 152 §15, against similar defendants.[3] The Commonwealth’s complaint, which, in pertinent part, is essentially identical to the complaint in this action, seeks to recover worker’s compensation payments it paid to RMV employees as a result of the alleged air quality problems at the Ruggles Center.
On July 31, 1997, the plaintiffs’ counsel and the Attorney General’s Office of Massachusetts entered into a stipulation stating that the Commonwealth’s claim, C.A. 97-1964A, does not include the plaintiffs named in this action.
DISCUSSION
Although the defendants have moved to dismiss based on Mass.R.Civ.P. 12(b)(6) and 12(b)(9), the essence of their motion is that the plaintiffs action is precluded pursuant to G.L.c. 152, §15. The plaintiffs argue that G.L.c. 152, §15 does not operate to preclude their action because they were not named as parties in the Commonwealth’s action, and the stipulation signed with the Attorney General establishes that their claims are not represented in the Commonwealth’s action. In addition, since both the plaintiffs and the defendants presented documents outside the pleadings, and this Court has considered those documents, the motion will be treated as a motion for summary judgment.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgement as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 *253 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). There appears to be no disputes as to the material facts in this case, therefore the only issue to be decided is the effect of whether the plaintiffs case is precluded by the previous filing of C.A. 97-1964A by the Commonwealth pursuant to G.L.c. 152, §15.
I. G.L.c. 152, §15
General Law c. 152, §15 establishes the right of an employee or an insurer to file a third-parly action for injuries for which the employee may have received workers compensation. The applicable section states:
Where the injury for which compensation is payable was caused under circumstances creating liability in some person other than the insured to pay damages ... the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so . . . until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which even the excess shall be retained by or paid to the employee.
General Laws chapter 152, §15. The purpose of this section is to allow both the employee and the insurer the opportunity to sue third parties responsible for the employee’s injuries, under the Workers Compensation Act.[4] This section creates an exclusive right for the employee to bring suit against a third party during the first seven months following the injury. Id. After that seven month period “[e]ither the employee or the insurer may proceed to enforce the liability . . .” Id. The Supreme Judicial Court in Pinto v. Aberthaw Constr. Co., indicated that “[t]he provisions of G.L.c. 152, §15, are, in some respects, unambiguous. If an employee does not bring suit within seven months of the date of the injury, either the insurer or the employee, but not both, may file suit.” 418 Mass. 494, 498 (1994). Therefore, once the insurer files suit the employee is foreclosed from bringing a separate suit. Clearly, the policy behind this requirement is to prevent third parties from having to defend against multiple litigation of the same claims with the resultant risk of inconsistent judgments.
The employees’ rights are not completely extinguished when the insurer brings a case against the third party. The employee is entitled to any recovery exacted by the insurer in excess of that paid in workers compensation. G.L.c. 152, §15. In addition, while the insurer controls the litigation, the employees have a right to participate in the suit by the insurer. Pinto, 418 Mass. at 501. In Pinto, the Court acknowledged the right of the employee to “independent legal advice ...” Id. The Court also indicated that in order to lessen the potential conflict between the insurer’s interest in the case, which is limited to only recovering the money paid in workers compensation, and the employee’s interest, which is in maximizing its recovery, there should “in appropriate cases, [be] an allowance of fees to an attorney who has provided essential legal advice to the employee." Pinto, 418 Mass. At 500-01. By permitting such an allowance the employee would not be forced to rely on the insurer’s counsel. Id.
II. The plaintiffs’ claims are barred by G.L.c. 152, §15.
A. The plaintiffs were parties within the
Commonwealth’s complaint when it was filed.
The plaintiffs claim that when the Commonwealth filed its complaint in C.A. 97-1964A the plaintiffs were not parties in that complaint because they were not specifically named in the complaint.[5] It is clear to this Court that the Commonwealth’s complaint included the plaintiffs. The Commonwealth’s complaint seeks recovery, pursuant to G.L.c. 152, §15, for worker’s compensation expenses incurred by “the Commonwealth, and its employees ...’’ Commonwealth’s Complaint & 58. The Commonwealth did not limit their claim to exclude the plaintiffs from the term “employees.”[6] The stipulation signed by the plaintiffs and the Commonwealth supports this reading of the Commonwealth’s complaint. According to the stipulation, the Commonwealth’s complaintin C.A. 97-1764A includes claims for benefits paid to the employees at the Ruggles Center, but the Commonwealth agrees “to limit its claims to those employees who are not named plaintiffs in the Beechin case...” The stipulation does not state that the plaintiffs were not parties in the Commonwealth’s action at its inception. In addition, it would seem unnecessary for the Commonwealth to agree to limit its claim to exclude the plaintiffs, if in fact the plaintiffs were not included in the original complaint.[7] Therefore, G.L.c. 152, §15 bars the plaintiffs’ suit, unless the stipulation signed between the Commonwealth and the plaintiffs is given effect.
B. The stipulation between the Commonwealth and the plaintiffs is not effective.
The remaining issue to be decided is the effect of the stipulation entered into by the Commonwealth and the plaintiffs. Essentially, the issue is, can the Commonwealth, as an insurer, bring a claim for a group of employees under G.L.c. 152, §15 and then subsequently sign a stipulation allowing some of those employees out of their action to enable them to bring claims separately under G.L.c. 152, §15. The plaintiffs argue that the Commonwealth is entitled to control its suit and therefore can stipulate out the plaintiffs: that the defendants will not be forced to defend multiple suits because these actions will be consolidated: and that the stipulation is entitled to be given effect because the Attorney General, as chief law enforcement officer, entered into it and the stipulation is therefore binding on this Court.
The Supreme Judicial Court clearly stated that “either the insurer or the employee, but not both, may *254 file suit.” Pinto, 418 Mass. at 498. The Commonwealth and the plaintiffs cannot manipulate the Commonwealth’s suit so as to undermine the purposes behind G.L.c. 152, §15. The plaintiffs had their opportunity to bring the action themselves, and they sat on their rights for some three years, well beyond the seven months window afforded in G.L.c. 152, §15. Whether seven month is sufficient time to file suit is “properly addressed to the legislature and not to [the] court.” Pinto, 418 Mass. at 498 n.5. Once the Commonwealth as an insurer took up their claims by filing their case, the plaintiffs were precluded from bringing their claims separately.[8]
One of the purposes behind the provisions of in G.L.c. 152, §15 is to avoid multiple litigation of the same claim. This purpose can only be accomplished by dismissing the plaintiffs’ action. The plaintiffs argue that the fear of multiple litigation is allayed by the fact that the cases will probably be consolidated for trial. While consolidation may occur, at present the defendants are defending two separate suits on the same matter by the same parties. The defendants should not have to bear that burden given this policy, especially when the plaintiffs are still able to participate in the Commonwealth’s case, if they deem it necessary. Pinto, 418 Mass. at 501.
The plaintiffs also attempt to argue that the stipulation signed by the Attorney General should be given effect because, as chief law enforcement officer, the Attorney General is given broad authority to make concessions and sign stipulations in cases that are binding and that should be honored by this Court, citing Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825 (1981) (Commonwealth bound by Attorney General’s stipulation with Perkins School); Commonwealth v. Benton, 356 Mass. 444 (1969) (court bound by stipulations of immunity signed by Attorney General); Shelby Mutual Ins. Co. v. Commonwealth, 36 Mass.App.Ct. 317 (1994) (Attorney General bound by concessions that, in accordance with statutory law, Commonwealth should pay claim of worker’s compensation carrier). The plaintiffs’ argument and supporting cases are unpersuasive under the circumstances of this case. The Commonwealth brought their case as an insurer and not as a government entity, so the stipulation in this circumstance is between an insurer and an employee, not the government and one of its citizens. In addition, none of the cases state that the Attorney General has the power to sign stipulations that circumvent laws of the Commonwealth. Accordingly, for each of the above reasons, the stipulation between the Commonwealth and the plaintiffs will not be given effect. Therefore, G.L.c. 152, §15 operates to preclude the plaintiffs cause of action.
ORDER
It therefore ORDERED that the defendants’ motion to dismiss (deemed as a motion for summary judgment) is ALLOWED. Accordingly, summary judgment shall enter in favor of all the defendants dismissing this action.

 The Commonwealth’s complaint, C.A 97-1964A, did not originally include H. Carr & Sons, Inc. and M.S. Management Corp., but both of these parties have since become parties to the Commonwealth’s action.

 The plaintiffs state that the purpose behind the statute has been established in In Re DeSisto’s Case, 351 Mass. 348, 350 (1966) (indicating that the statutory objective of G.L.c. 152, §15 is to protect the employees over the insurer and provide payment to the employee). DeSisto’s Case holds little precedential value in light of the 1971 and 1991 amendments to G.L.c. 152 §15. The section, as it existed in 1966, allowed for an employee to recover benefits from the third party or the insurer, but not both, which effectively forced the employee to elect to attempt recovery from either the third party or the insurer. Since the amendments in 1971 and 1991, no election is necessary and the employee who collects benefits from the insurer under the act is still allowed to file an action against the third party. Therefore, the section is no longer needed to ensure “payment to the employee," and the seven month period for the employee only to bring suit is designed to “protect the employee over the insurer.”

 The plaintiffs’ reliance on Benciuengo v. Walter C. Benson Co., 319 Mass. 110, 111 (1946), for the proposition that the Commonwealth’s complaint must be brought “in the name” of the specific employees, is again misplaced. The Bencivengo decision was decided prior to the 1971 amendment to G.L.c. 152, §15, which removed the language, “the insurer may enforce, in the name of the employee .. . the liability of such persons," from the statute, and replaced it with, “insurer may proceed to enforce the liability of such person.” G.L.c. 152, §15.

 It has been argued that the Commonwealth did not include the names of all the individual employees within the complaint because doing so would require their written consent.

 The Commonwealth also filed an interrogatory answers inC.A. 97-1764A In response to a question regarding parties represented in their suit, the Commonwealth included most of the plaintiffs in this action. While the Commonwealth has subsequently supplemented their answers to exclude the plaintiffs, and indicated that the person filing the answers was unaware of the stipulation, the original intention of the Commonwealth appears clear.

 An analogy can be drawn here to Mass. R.Civ.R 41. Under Rule 41, once an action is commenced and an answer filed by the defendants, the action (including particular parties or claims) cannot be dismissed without consent of all of the parties or court order. In this case the Commonwealth and the plaintiffs are attempting to use the stipulation to dismiss the plaintiffs out of the Commonwealth’s case, in which the defendants have filed an answer, without the consent of either the defendants or the court. This would not be allowed under Rule 41 and will not be allowed in these circumstances.