Merrigan, J.
The plaintiff/appellant Robert Keelips appeals from the allowance of defendant/appellee Mark St. Laurent’s motion for summary judgment.
This case involves Keelips’ contention that St. Laurent committed a violation of G.L.c. 93A in connection with the pricing of a new roof for Keelips’ barn. Keelips asserts that St. Laurent told him that the price would be $43,500 at $300 per square, but did not disclose the number of squares that were involved. After the work was completed, Keelips learned that his roof had 87 squares to it. He claims that at $300 per square, the price should have been $26,100. When confronted by Keelips, St. Laurent, according to Keelips, stated that he charged $400 per square. Using this rate, the price would have been $34,800. Keelips asserts that it was an unfair and deceptive practice to not disclose the dimensions of the roof, or to use a price per square, yet establish a price on a different basis. He claims that St. Laurent violated 940 CMR 3.09 which makes it an unfair or deceptive act to “[in] adequately disclose additional relevant information which has the capacity, tendency or effect of misleading or deceiving ... purchasers with respect to any material aspect of the product or service” being sold. Keelips also alleges in his complaint that St. Laurent’s actions were wilful and knowing, and that in response to a demand letter/he failed to make a reasonable offer of settlement, knowing or with reason to know that his acts were unfair or deceptive.
The motion judge allowed St. Laurent’s motion for summary judgment. On appeal, we determine whether, on the basis of the material before the motion judge, there was no issue of material fact. We view the material presented in the light most favorable to the plaintiff. Kelly v. Rossi, 395 Mass. 659 (1985). Generally speaking, “whether the [defendant’s] conduct, which itself is factually in dispute, rises to the level of unfair or deceptive acts or practices in violation of G.L.c. 93A, §11 is ... a question of fact not properly resolved on a motion for summary judgment.” Gilmore v. Dynamic, USA, Inc., 1992 Mass. App. Div. 100, 102. And, although “the boundaries of what may qualify for consideration as a c. 93A violation is a question of law,” Schwanbeck v. Federal-Mogul Corp., 31 Mass App. Ct. 390, 414 (1991), affirmed, 412 Mass. 703 (1992), we determine that the record before the motion judge demonstrates the existence of an issue of material fact.
The opposing affidavits of St. Laurent and Keelips presented to the motion judge show that there are two different versions of how the agreement was made, and what the parties were trying to accomplish in arriving at a price for the new *12 roof.[2] Allegations of unfair and deceptive acts wilfully and knowingly committed and a knowing failure to make a reasonable offer of settlement in violation of c. 93A involve factual questions concerning St. Laurent’s state of mind. Noyes v. Quincy Mutual Fire Insurance Company, 7 Mass. App. Ct. 723 (1979).
Summary judgment should not have entered for St. Laurent, and accordingly, we reverse the allowance of the motion for summary judgment. This case is remanded to the trial court for further proceedings.

 In his appellate brief, St. Laurent takes the position that Keelips is not entitled to relief because “the Court made a factual determination that the actions by St. Laurent did not constitute misrepresentation as defined under 940 CMR 3.09.” St. Laurent may not appreciate the import of such argument, but it reveals that, even in St. Laurent’s view, this case involves factual disputes.